The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, Arkansas 72160
Dear Senator Smith:
This is in response to your request for an opinion on the following two questions:
 1. May an unincorporated, nonprofit association make a bid on a piece of property put up for bids by a public school district?
 2. [If the answer to 1. is "yes," and] the unincorporated, nonprofit association submits the lowest bid, can the public school district enter into a buy-sell agreement with the association?
In my opinion, an unincorporated association cannot acquire and hold property in its own name. North Little Rock Hunting Club v. Toon,259 Ark. 784, 536 S.W.2d 709 (1976); Lael v. Crook, 192 Ark. 1115,97 S.W.2d 436 (1936).[1] See also Fausett and Co. v. Bogard, 285 Ark. 124,685 S.W.2d 153 (1985). A deed, lease, or other instrument purporting to convey an interest in property to such an association is not valid or enforceable. See Toon, 259 Ark. at 791-792; Lael, 192 Ark. at 1121. It follows, in my opinion, that a "buy-sell agreement" containing the promise of such an association to purchase property would likewise be invalid and unenforceable.
I know of no law prohibiting an unincorporated association from submitting a bid to a school district or any other seller but, in view of the rules stated above, it is my opinion that a school district should not accept such an association's bid that proposes a purchase of property in the association's own name.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Property may lawfully be conveyed to a trustee for the benefit of members of an unincorporated association. In such a case, legal title is in the trustee and equitable title is in the members of the association.Lael, 192 Ark. 1115; see also Toon, 259 Ark. at 792-793.