CURATORS OF CENTRAL COLLEGE v. BIRD.

Opinion delivered April 18, 1921.

PARTIES—NECESSITY OF.—A suit brought by the "Curators of Central College," without alleging that they constitute a corporation, and without setting out the names of such "curators," should be dismissed for want of proper parties plaintiff.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; appeal dismissed.

*C. L. Daniel,* for appellants.

This is a Missouri contract, and the laws of that State govern. Plaintiff signed the note, and appellants were plaintiffs below and appellants here, and appellee is bound, as appellants are the legal holders of the note and entitled to sue. 106 Ind. 523; 47 *Id.* 1; 20 Vt. 509; 8 C. J. 1003, § 1309; 96 Ark. 416; Rev. Stat. of Mo. of 1899, § 894.

Where several promise to contribute to a common object desired by all, the promise of each is good consideration for the promise of the others. 6 N. H. 164; 46 Ill. 377; 5 Pick. 506; 9 Vt. 289; 1 Parsons on Cont. 399-401. The consideration was sufficient, as expenditure of time, labor and money in securing other subscriptions is sufficient consideration. 72 Ill. 247; 57 Ia. 307; 103 N. Y. 600; 48 N. C. (3 Jones L.) 152; 24 Vt. 189. See, also, 24 Mich. 403; 24 Vt. 477; 59 *Id.* 419; 64 Ark. 427.

*C. T. Bloodworth,* for appellee.

This was a mere offer to make a gift, and neither the subscriber nor the beneficiary were bound until the offer to make the gift is accepted and acted upon by the donee in such manner as to raise a consideration. 64 Ark. 627; 30 *Id.* 186; 25 R. C. L., § 14, p. 1408.

The endowment fund was never raised, and there was no consideration. 8 C. J. 411; 112 N. Y. 517. On

the whole case the judgment is right. The church never proved that they complied with the conditions of the offer.

HUMPHREYS, J. This suit was commenced by "Curators of Central College" against appellee, on September 6, 1920, before L. L. Shemwell, a justice of the peace of Carpenter Township in Clay County, Arkansas, by filing with the justice the following instrument:

"$25.00.          Doniphan, Mo., April 19, 1915.

"For the endowment of Central College, Fayette, Mo., in consideration of subscriptions by others to the same fund, I hereby promise to pay to the Curators of Central College the sum of twenty-five ($25.00) dollars, in five equal installments, beginning September 1, 1915.

          "L. E. Bird."

"Curators of Central College" failed to appear and prosecute, and the justice of the peace dismissed the suit on the 24th day of September, 1920, from which judgment of dismissal an appeal was taken by "Curators of Central College" to the circuit court of said county.

The cause was submitted to the circuit court sitting as a jury upon the written instrument filed before the justice of the peace and the testimony of appellee, which was as follows:

"I signed the instrument of writing now shown me, and which was sued on in the justice of the peace court. I received no consideration whatever for the contract or agreement. I know that Central College is a school for the education of preachers. I do not know whether any other person or persons signed agreements similar to the one sued on. I never heard of such, and do not know whether any other person or persons paid such subscriptions, if made. I never talked with any one else about the subscription."

The court adjudged that "Curators of Central College" take nothing by reason of the action. From that judgment, "Curators of Central College" have prosecuted an appeal to this court.

Appellee makes the point that suit has not been brought against him by any proper party. It is not al-

leged that "Curators of Central College" is a corporation; nor are the names of the Curators of Central College set out. It goes without saying that suits must be instituted or defended by persons, either natural or artificial. "Curators of Central College" is not a designation or description of any person either natural or artificial. There being no party plaintiff or appellant, there is no cause of action or appeal therefrom pending in this court. The appeal must therefore be dismissed.