SMITH *v.* ARKANSAS MOTOR FREIGHT LINES, INC.

4-8716                                              217 S. W. 2d 249

Opinion delivered February 7, 1949.

*T. J. Gentry,* for appellant.

*Louis Tarlowski,* for appellee.

GEORGE ROSE SMITH, J.   In 1946 the appellee entered into a contract with Local No. 278 of the Teamsters Union, governing wages, working conditions and the like. One provision of the agreement was that the appellee might employ persons other than union members, but after thirty days such employees were to become and remain members of the union.

This action was filed by the president and secretary of the union, an unincorporated association, on behalf of themselves and its other members.   The complaint alleged that the appellee had violated its contract by retaining non-union employees for more than thirty days. The prayer was for specific performance and for an injunction against the continued employment of persons not belonging to the union.   Appellee demurred to the complaint on the grounds that the court had no jurisdiction of the subject matter, that the plaintiffs lacked capacity to sue, that there was a defect of parties plain-

tiff, and that no cause of action was stated. The trial court sustained the demurrer on the express ground that appellants lacked capacity to bring the suit, the other questions not being decided. Appellants stood upon their pleading and appeal from an order dismissing their complaint.

We think the union officials could properly bring a representative action, without joining all members of the organization. Such a suit is authorized when the parties are numerous and it is impractical to bring all before the court. Ark. Stats. (1947) § 27-809. While we have not passed upon this particular question, it is generally held that suits by or against unincorporated labor unions may be cast in representative form. *O'Jay Spread Co.* v. *Hicks*, 185 Ga. 507, 195 S. E. 564; *Carpenters' Union* v. *Citizens' Committee*, 333 Ill. 225, 164 N. E. 393, 63 A. L. R. 157; *A: F. of L.* v. *Buck's Stove & Range Co.*, 33 App. D. C. 83, 32 L. R. A., N. S. 748, appeal dismissed, 219 U. S. 581, 31 S. Ct. 472, 55 L. Ed. 345. Here the complaint, construed liberally on demurrer, sufficiently asserted that the representative nature of the action was due to the fact that the union members were too numerous to be joined.

The appellee took a cross appeal from the decision in its favor and argues that a contract for personal services will not be specifically enforced. A sufficient answer would be that appellants also ask for an injunction to enforce appellee's negative covenant against the retention of non-union employees, and injunction is the normal means of enforcing such a covenant. Walsh on Equity, § 67. But the chancellor sustained the demurrer only on the basis of capacity to sue, and we limit our ruling to that question. As the parties have not discussed the validity of the contract in view of Amendment 34 to the Arkansas Constitution, we express no opinion on that point.

The chancellor's ruling that appellants lack the capacity to maintain this action is reversed and the cause is remanded for further consideration.

Justices FRANK G. SMITH and HOLT dissent.

Chief Justice GRIFFIN SMITH and Justice McFADDIN concur.

ED. F. McFADDIN, Justice (concurring specially). I agree with the majority that the officers of the labor union, as representatives of its membership, may prosecute a proper suit. The Chancery Court was in error in deciding otherwise. But since the briefs in this case were filed in this Court, the Supreme Court of the United States on January 3, 1949, in *Lincoln Federal Labor Union* v. *Northwestern Iron & Metal Company* (case No. 47 of the 1948 term), reported in 69 S. Ct. 251, has held constitutional the Nebraska "Freedom-to-Work" Amendment, which is similar to our Amendment No. 34.

In view of that holding, I think this Court should now require Counsel to brief the present case on the constitutionality and applicability of our Constitutional Amendment 34. It impresses me as an idle gesture for us to send the case back to the Chancery Court to be developed, if on final hearing we should reach the conclusion that the present appellants have no cause of action. In other words, the Chancery Court may have reached the correct result, but by the wrong reason. In *Krause* v. *Thompson,* 138 Ark. 571, 211 S. W. 925, the trial court sustained a demurrer and assigned the wrong reason. On appeal we affirm the trial court, but stated the correct reason. That rule may be applicable here, and, in order to save time, I think it would be better for this Court to have the present case briefed on the question of the constitutionality and applicability of our Amendment 34—concerning which I express no opinion at the present time.

SMITH, FRANK G., J., dissenting. I think we should decide the questions raised and discussed in the briefs.

To maintain and prosecute a suit, two things are essential and they are of equal importance; first, a cause of action must exist and be alleged; second, the right to sue thereon must also exist.

The majority decline to say whether a cause of action existed and was alleged, but notwithstanding that fact, a suit may never the less be maintained. Suppose instead

556

of suing through their authorized representatives, every member of the local union had joined as plaintiffs, would it not still be necessary that they alleged a cause of action before requiring the defendant to defend?

Appellant has argued at great length and very ably, that the officers of the labor union, as representatives of its membership, are entitled to the relief prayed, but the majority refuse to consider or decide this question, which is of course the point all parties want decided. Upon the remand of the cause the court must decide the question now before us, and that is whether a cause of action is alleged.

The demurrer alleged that no cause of action was stated and this has always been regarded as a proper ground for demurrer.

Shall the parties be put to the expense and trouble of developing a case, only to have it finally adjudged that no cause of action existed?

No offer was made to amend the complaint and it could hardly be made more definite and specific than it is, and its allegations are exhaustively discussed, and on the remand appellant can do no more than prove them to be true. But if they do not state a cause of action, why require the expense and delay of proving their truth? The demurrer admits their truth and if they do not state a cause of action of what importance is it as to who makes the allegation?

Mr. Justice HOLT concurs in the views here expressed.