MASSEY, TRUSTEE *v.* ROGERS.

5-2073                                    334 S. W. 2d 664

Opinion delivered April 25, 1960.

*Kaneaster Hodges,* for appellant.

*Fred M. Pickens, Jr., Wayne Boyce, Claude M. Erwin, Judson N. Hout,* and *J. Vernon Ridley,* for appellee.

GEORGE ROSE SMITH, J.   This is a class suit brought by the appellant, as the trustee in bankruptcy for Leach-Rogers Funeral Home, Inc., to enforce what we may conveniently treat as three separate causes of action in favor of the bankrupt corporation.   The question here is whether the trustee is entitled to maintain the suit as a class proceeding against ten named defendants as representatives of the Frank Leach Burial Association, an unincorporated association.   The chancellor, hearing the matter upon the pleadings alone, sustained the appel-

lees' motion to dismiss the complaint insofar as it attempts to state a representative cause of action against the appellees as members of the burial association. We shall discuss separately the three counts in the complaint.

I. The complaint asserts that the burial association was organized in 1937 as a mutual benefit association and has been operated through the years as an adjunct of the now bankrupt funeral home. It is alleged that in 1957 the burial association became indebted to the funeral home in the sum of $3,225.00 for merchandise and funeral services furnished by the funeral home as death benefits under certificates issued by the burial association. In seeking a money judgment for $3,225.00 the plaintiff asserts that it is impracticable to bring all 1,607 members of the association before the court and that the ten named members should be required to defend for the benefit of all. Ark. Stats. 1947, § 27-809.

This count in the complaint asserts a cause of action that may properly be maintained as a class proceeding, and the chancellor erred in holding otherwise. An unincorporated association cannot be sued in its society name; so a representative proceeding is the usual and proper method of bringing suit against such an organization. *Baskins* v. *United Mine Workers of America*, 150 Ark. 398, 234 S. W. 464; *Smith* v. *Ark. Motor Freight Lines, Inc.,* 214 Ark. 553, 217 S. W. 2d 249. The judgment will determine the question of the association's liability and, if the plaintiff recovers, will entitle the plaintiff to proceed against the common property of the association.

II. The complaint next asserts that if the trustee in bankruptcy is unable to collect the $3,225.00 account from the property of the burial association he should be awarded a personal judgment against the individual members of the association for any deficiency. The chancellor was right in holding that the personal liability of the various members is not a matter to be determined in a class proceeding. Whether the association owes $3,225.00 for services rendered by the funeral home is, in the language of the statute, a question of common interest to all the members, Ark. Stats., § 27-809; but the

liability of any particular member is a question peculiar to him, upon which he is entitled to notice and an opportunity to present his defenses. See Sturges, Unincorporated Associations as Parties to Actions, 33 Yale L. Jour. 383, where it is said: "Upon return of execution against the common property unsatisfied, supplementary proceedings . . . should be available against any or all of the *sui juris* members subject to process for the deficiency. Herein will the member have his day in court as to his individual responsibility."

III. The third count involves an entirely different cause of action. Here it is asserted that Neal and Betty Rogers, who were the owners of the corporate stock of the funeral home, sold the membership lists and management of the burial association to the Dillinger Funeral Home for $3,000.00. It is charged that these lists and management rights were in fact assets belonging to the bankrupt corporation and that Mr. and Mrs. Rogers should therefore be required to account to the trustee for the proceeds of sale. This controversy is between the trustee in bankruptcy and the stockholders of the funeral home; it is of no concern to the members of the burial association. The chancellor's order merely dismissed this count of the complaint to the extent that it seeks to assert a representative cause of action against the appellees as members of the unincorporated association. It appears that the dispute between the trustee and the Rogerses as individuals is still pending, not having been affected by the order of dismissal. The chancellor was plainly correct in holding that this portion of the complaint did not state a representative cause of action; indeed, we do not construe the appellant's brief as asserting any contention of error in this respect.

The decree is reversed as to the first count and is affirmed as to the other two.