JUANITA THOMAS v. RAYMOND DEAN, ET AL

4626                                          432 S.W. 2d 771

Opinion Delivered October 21, 1968

*Sam Sexton, Jr.,* for appellant.

*McMath, Leatherman, Woods & Youngdahl* for appellees.

CONLEY BYRD, Justice.    The issue on this appeal is whether an action at law, as distinguished from an action in equity, may be brought against an unincorporated association or club pursuant to Ark. Stat. Ann. § 27-809 (1962 Repl.).    That statute provides:

> "Where the question is one of a common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring all before the court within a reasonable time, one or more may sue or defend for the benefit of all."

Appellant Juanita Thomas brought this action for tort damages against Raymond Dean, Wilma Hill, Patsy Bowles, Pearl Taylor, Tressie Cook, Harlena Legg, Champ King, Ruth Perkins and Herbert Bingaman, individually, and as representatives of International Union, United Automobile, Aerospace and Agricultural

Implement Workers of America (UAW-AFL-CIO) and Local 716. With respect to the union, she alleged that the members were too numerous to be sued individually and that the union should be brought in on a class action. She alleged that Herbert Bingaman, International Representative; Raymond Dean, President of Local 706; Wilma Hill, Secretary of Local 706; and Patsy Bowles, Pearl Taylor, Tressie Cook, Harlena Legg, Champ King and Ruth Perkins were members of the union and as such afforded adequate representation of the union as a class.

The defendants demurred upon the ground that there was a defect of parties defendant. After a nonsuit was taken to the individual liability of the named defendants, the trial court sustained the demurrer as to the union and dismissed the complaint.

The right of an unincorporated association to sue or be sued in a class action has been before this court in *Baskins* v. *United Mine Workers,* 150 Ark. 398, 234 S.W. 464 (1921); *District 21, United Mine Workers* v. *Bourland,* 169 Ark. 796, 277 S.W. 546 (1925); *Smith* v. *Arkansas Motor Freight Lines,* 214 Ark. 553, 217 S.W. 2d 249 (1949); and in *Massey* v. *Rogers,* 232 Ark. 110 334 S.W. 2d 664 (1960).

In *Baskins,* suit was brought against a union in its society or organizational name for the alleged negligent killing of John Baskins. We there held only that such an action could not be maintained against a union in its society or organizational name. In so doing, we pointed out that Ark. Stat. § 27-809, *supra,* being § 33 of the Civil Code, was not applicable since no attempt had been made to comply with it.

In *Bourland,* we construed the action as one in tort for unliquidated damage over which chancery had no jurisdiction and held that the doctrine of virtual representation was unavailable as a method of obtaining

service in a case in equity where there was no jurisdiction of the subject matter.

In *Smith,* the union, by its president and secretary on behalf of themselves and its other members, filed an action to compel specific performance of an agreement in which Arkansas Motor Freight Lines, Inc., had agreed not to retain non-union employees for more than 30 days. The trial court dismissed the union's complaint on the basis that the president and secretary as representatives of a class lacked the capacity to sue. In reversing we said:

> "We think the union officials could properly bring a representative action, without joining all members of the organization. Such a suit is auth orized when the parties are numerous and it is impractical to bring all before the court. Ark. Stats. (1947) § 27-809. While we have not passed upon this particular question, it is generally held that suits by or against unincorporated labor unions may be cast in representative form."

The *Rogers* case was a suit by the trustee in bankruptcy for Leach-Rogers Funeral Home, Inc., against the Frank Leach Burial Association, an unincorporated association, for $3,225.00 alleged to be due to the funeral home. We reversed the trial court in dismissing the complaint and held that such a cause of action could be maintained as a class action.

Appellant points to § 780 of the Civil Code (Ark. Stat. Ann. § 27-102 [Repl. 1962]), which provides that the Civil Code "shall regulate the procedure in all civil actions and proceedings in the courts of this state", and argues that by the very terms of the code, the provision for class action is applicable to an unincorporated association both at law and in equity. Appellee argues that the doctrine of virtual representation is an equitable doctrine restricted to actions in chancery. We hold that

the statutory provision for class action applies to both actions in equity and actions at law.

We are led to this conclusion by several reasons. In the first place, § 3 of the Civil Code, Ark. Stat. 27-204, provides that the proceedings in a civil action are of two kinds, i.e., at law and in equity. In addition, §§ 780 and 796 of the Civil Code, Ark. Stat. Ann. §§ 27-102 and 27-103 (Repl. 1962), provide that the Civil Code regulates the proceedings of "All civil actions" and proceedings in "all the courts in the State". Therefore, as we read the Civil Code the same procedure for the bringing of parties before the court is applicable to both actions at law and in equity. In the next place, were the rule otherwise, an unincorporated association itself would be unable to sue to collect funds belonging to it or for the conversion of its property.

Other jurisdictions have readily applied the doctrine of virtual representation in suits for the collection of assets belonging to an unincorporated association. See *Executive Committee* v. *Tarrant*, 164 La. 83, 113 So. 774, 53 ALR 1233 (1927), and 6 Am. Jur. 2d, Associations and Clubs, § 55,

Appellees in contending that Ark. Stat. Ann. § 27-809 applies only in equity, have placed great stress upon the alleged non-entity status of a labor organization. In view of decisions of the United Supreme Court such as *United Mine Workers* v. *Coronado Coal Co.*, 259 U.S. 344, 66 L. Ed. 975, 42 Sup. Ct. 570, 27 ALR 762 (1922) and recent legislation (Public Law 86-257, 29 USCA §§ 401 through 531), requiring all labor organizations to file their constitutions and bylaws with the Secretary of Labor, we seriously doubt that a labor union can any longer be considered a non-entity. However, in construing our class action statute we have considered a labor organization as any other unincorporated association such as a congregational church or a historical society.

Of course, a class action as such does not impose personal liability on any individual member of the unincorporated association, but only reaches common assets, *Massey* v. *Rogers, supra.*

Reversed.

HARRIS, C.J. and JONES, J., dissent.