FAUSETT AND COMPANY, INC.;
FAUSETT MANAGEMENT COMPANY; ROUND
RIVER DEVELOPMENT COMPANY; Edward K.
WILLIS; Stephen C. HOCKERSMITH; and
Moise B. SELIGMAN *v.*
The Honorable David BOGARD, Circuit Judge

84-226                                         685 S.W.2d 153

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*Dodds, Kidd, Ryan & Moore; Wright, Lindsey & Jennings;* and *The Rose Law Firm,* for appellants.

*Steve Clark,* Att'y Gen., by: *Kay J. Jackson Demailly,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This matter is here on an original petition for a writ of prohibition to the Pulaski Circuit Court, Sixth Division, to prevent the trial court from conducting a trial on the matter in dispute between the parties. Petitioners argue the Circuit Court lacks jurisdiction because the plaintiff lacks standing and capacity to maintain an action in the courts. We agree that the plaintiff lacks both standing and capacity.

Round River Horizontal Property Regime (Regime) filed suit in the trial court below seeking damages for breach of contract and punitive damages. The Regime was and is an unincorporated association of property owners who own most of the condominiums in a project which was originated, developed, managed and sold by petitioners. The Regime is apparently in control of the common property used by the residents. Petitioners' answer to the complaint was that the Regime lacked capacity and standing to maintain the action. The trial court denied petitioners' motion for a summary judgment. This petition was then filed in this court.

The trial court found that the Regime was an unincorporated association with no designated agent for service of process. This fact is undisputed. Therefore, the question presented is whether such an association has capacity or standing to maintain an action in its own behalf.

We briefly note that the purpose of a writ of prohibition is to prevent a court from exercising powers not authorized by law when there is no other adequate remedy available. *Streett* v. *Roberts,* 258 Ark. 839, 529 S.W.2d 343 (1975). If jurisdiction depends upon establishment of facts, then it is a

matter for the trial court and properly presented on appeal to this court. *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S.W.2d 98 (1936). In the case before us all parties agree that the plaintiff is an unincorporated association with no agent for service and that the association is apparently operating pursuant to its own bylaws. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Titsworth* v. *Mayfield,* 241 Ark. 641, 409 S.W.2d 500 (1966).

We now consider whether the Regime has capacity to sue. The general rule in Arkansas is that an unincorporated association does not have the capacity to sue. *Curators of Central College* v. *Bird,* 148 Ark. 323, 229 S.W. 730 (1921). In *Bird* we stated: "It goes without saying that suits must be instituted or defended by persons, either natural or artificial. 'Curators of Central College' is not a designation or description of any person either natural or artificial." In *Baskins* v. *United Mine Workers of America,* 150 Ark. 398, 234 S.W. 464 (1921), an unincorporated association (the union) was sued on allegations that members of the association had murdered the decedent. We held that an unincorporated association could not be sued in the absence of a statute, but that the proper parties were the individual members. We do not find that the legislature has enacted statutes allowing the Regime to sue or be sued. The same issue was considered in *Smith* v. *Arkansas Motor Freight Lines, Inc.,* 214 Ark. 553, 217 S.W.2d 249 (1949). In *Smith* the union had entered into a contract with the employer. The president and secretary of the union brought suit, in a class action for all of its members, to compel the employer to comply with the terms of the agreement. We held that the action could be maintained. However, the authority to sue was pursuant to Ark. Stat. Ann. § 27-809 (1947). That statute was superseded by ARCP Rule 23 (class actions). In the present case there was no person, natural or artificial, purporting to act for the class. The Regime is simply a piece of property owned by the individual members of the association. Absent statutory authority or incorporation, the Regime has no capacity to sue or be sued.

We now consider the "standing" issue. An unincor-

porated association cannot acquire and hold property in its own name. *NLR Hunting Club* v. *Toon*, 259 Ark. 784, 536 S.W.2d 709 (1976). Suits brought by or against members of an unincorporated association may be maintained as class actions by naming certain members as representatives of the class if it appears that the representative parties will fairly and adequately protect the interests of the association and its members. ARCP Rule 23.2. Summons may be served upon an unincorporated association by serving an agent authorized by appointment or by law to receive such service. ARCP Rules 4(d) and (5). No such person exists in the present case. In this case there was no named individual who had been appointed or designated by law to receive process or act on behalf of the other class members. Therefore, the Regime had neither standing nor capacity to sue.

Writ granted.

DUDLEY, J. and HAYS, J., not participating.