_____

No. 95-2723
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
One Square Acre of Land            *   Appeal from the United States
Located in Washington County,      *   District Court for the
Arkansas, With All Appurtenances*  Western District of Arkansas
and Improvements Thereon,          *
                                   *   {UNPUBLISHED}
          Defendant,               *
                                   *
Tom Brown, *
                                   *
          Appellant.               *


                          _____

          Submitted:  March 27, 1996

             Filed:  June 11, 1996
                          _____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
                          _____


PER CURIAM.


     Thomas F. Brown appeals from a final judgment of the District Court[1]
for the Western District of Arkansas dismissing the United States' civil
forfeiture action based on its conclusion that any forfeiture could be
pursued in the previous criminal forfeiture proceeding.  For the reasons
discussed below, we affirm.

_____

     [1]The Honorable H. Franklin Waters, Chief Judge, United States
District Court for the Western District of Arkansas.

Brown was the owner of forty acres of land. In February 1994, Brown conveyed by quitclaim deed a one-acre parcel to "Our Church." After law enforcement officials seized marijuana and peyote growing on the property in August 1994, Brown was charged with, and a jury subsequently convicted him of, manufacturing marijuana and peyote. The jury also found Brown had used his entire forty-acre tract to facilitate the manufacturing process, thus subjecting the property to forfeiture under 21 U.S.C. § 853. This court affirmed. United States v. Brown, 72 F.3d 134 (8th Cir. 1995) (Table), cert. denied, 116 S. Ct. 1581 (1996). The final order of forfeiture excepted from the legal description the one acre purportedly deeded to Our Church, the record title owner.

The government then instituted the instant civil forfeiture proceeding under 21 U.S.C. § 881(a)(7) to recover the single acre deeded to Our Church. Brown answered the complaint, and the government moved for summary judgment. The district court dismissed the civil forfeiture action, concluding that the conveyance to Our Church was invalid under Arkansas law; that Brown had retained legal title to the remaining acre; that the jury's finding with respect to the criminal forfeiture count of the indictment applied to Brown's interest in the one acre; and that the United States thus could pursue forfeiture under 21 U.S.C. § 853 in the criminal proceeding.

Brown appeals, arguing the district court erred in "invalidating" the transfer of title to Our Church without first considering the Religious Freedom Restoration Act of 1993 (RFRA), because testimony at the criminal trial proved the deed to the church was accepted by a duly elected county official, and because the district court had previously found the transfer valid. Brown also argues the forfeiture constituted an act of double jeopardy and an excessive fine.

Brown's arguments for reversal are without merit. First, the

district court did not need to consider the RFRA or double jeopardy claims because the court dismissed the civil action. Second, under Arkansas law, an unincorporated association cannot acquire and hold property in its own name. Fausett & Co. v. Bogard, 685 S.W.2d 153, 155 (Ark. 1985); Lael v. Crook, 97 S.W.2d 436, 439 (Ark. 1936) (conveyance to an unincorporated association is invalid and does not pass legal title). We thus agree with the district court that Brown had retained title to the single acre, no title impediments existed to forfeiture under section 853, and the government could proceed through criminal forfeiture proceedings. We note that Brown could raise any claims of double jeopardy and excessive fines in such a proceeding.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-