# ARKANSAS COUNTY FARM BUREAU *v.* David T. McKINNEY

97-1192                                           976 S.W.2d 945

Supreme Court of Arkansas
Opinion delivered October 29, 1998

Laser, Wilson, Bufford & Watts, P.A., by: *Sam Laser* and *Stephanie G. Holder,* for appellants.

*Russell D. Berry*; and *Bridewell and Bridewell,* by: *Robert G. Bridewell,* for appellee.

DAVID NEWBERN, Justice. Appellee David T. McKinney was employed as the "agency manager" of Arkansas County Farm Bureau ("ACFB"), an unincorporated association. He was dismissed from that position, and he brought an action against ACFB as well as three Farm Bureau Insurance corporations with whom he had contracts providing for his employment as the manager of ACFB. Mr. McKinney's complaint against ACFB named the following directors of the association as a class representing all the directors and members of the association: Jerry Burkett, Howard Hammons, David Hillman, Walter Hillman, Webster Hillman, Daverne Strickland, and Donnie Stroh. These directors have brought an interlocutory appeal from an order providing for notice to all members of the ACFB and stating a deadline for their

responses. The claims against the other defendants are not at issue in this appeal.

The named directors and ACFB argue on appeal that it was improper for the Trial Court to certify a class and that the notice prescribed does not satisfy the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Mr. McKinney asserts that we lack jurisdiction of the appeal. He contends that there was no formal order of certification and that Ark. R. App. P.—Civ. 2(a)9, which permits an appeal from "[a]n order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure," therefore does not apply. We hold that the order amounted to an attempted certification pursuant to Ark. R. Civ. P. 23 and is thus appealable. We further hold, however, that the action against ACFB and the named directors falls within the purview of Ark. R. Civ. P. 23.2 and not Rule 23; thus, there was no need for certification or notice to all of the ACFB members. We affirm the refusal to dismiss the action, reverse the purported certification, and remand the case for further proceedings consistent with this opinion.

Farm Bureau Mutual Insurance Company of Arkansas, Inc., Southern Farm Bureau Casualty Insurance Company, and Southern Farm Bureau Life Insurance Company each contracted with Mr. McKinney in 1988 to manage ACFB. The approval of the ACFB directors was apparently important to Mr. McKinney's continued employment. A majority of the directors voted in 1993 to withdraw the approval, and Mr. McKinney was informed that his employment would terminate January 15, 1994.

Mr. McKinney's complaint against ACFB, filed in June 1994, asserted various tort claims including defamation, interference with contract, and conspiracy to defame him. He claimed that the ACFB and the directors had falsely accused him of misappropriation of funds belonging to ACFB and had deprived him of $6,000 to which he was entitled. He sought $5,006,000 in compensatory damages and $5,000,000 in exemplary damages.

The complaint named the above-mentioned directors as:

> some of the directors of Arkansas County Farm Bureau and [they] are named as defendants in their official capacity as such directors, not individually, and as a class representing Arkansas County Farm Bureau and all of its other directors and members. The defendant directors would fairly and adequately represent and protect the interest of the defendant, Arkansas County Farm Bureau, an unincorporated association, and that of its members. The defendant directors are known to be persons that are very actively involved with the association.

The complaint does not cite Rule 23.2, but some of the above language is identical to that found in the rule.

A trial was scheduled for February 19, 1997. On February 14, 1997, ACFB and the directors moved to dismiss on the ground that Mr. McKinney was attempting to maintain the action pursuant to Rule 23.2 but had failed to have the members of ACFB certified as a class. ACFB and the directors complained that there had been no ruling on the adequacy of the representation of the named directors and that no notice had been given to the ACFB members. By letter, counsel for Mr. McKinney conceded that "it will be necessary to go through this [certification] process" and that, "as a result, the trial will have to be continued."

Mr. McKinney filed a response to the motion to dismiss, acknowledging that the claim was made pursuant to Rule 23.2 against ACFB as an unincorporated association. The response suggested, however, that ACFB, as well as "all of its members," had properly "been made parties hereto and due process has been afforded." He stated that "any further certification or notice is discretionary under Rule 23.2 and not mandated." Mr. McKinney also contended that ACFB and the directors had waived their objections by not making them in their initial response to the complaint.

In a reply to the response, ACFB and the directors denied any waiver and asserted the necessity of a hearing to assure compliance with Rule 23(a) and (c). They sought dismissal for Mr. McKinney's failure to comply with the certification procedures. In the alternative, they sought a hearing to address the adequacy of representation of the named directors. ACFB and the directors also filed a formal "objection" to class certification. They com-

plained that the members of ACFB were being sued for tortious misconduct of which they had no knowledge, that the directors had internal conflicts, and that various requirements of Rule 23 had not been satisfied.

A hearing was held in which counsel for ACFB and the directors stressed the need for individual notice to each class member because each member might be "potentially liable." Counsel then stated, however, that she knew of no law to the effect that "mere membership in an unincorporated association would subject a person to individual liability for any intentional tort of its directors."

The Trial Court's order denied the motion to dismiss and overruled the objections to the "class certification." It directed

> that notice be given to each member of Arkansas County Farm Bureau as of January 15, 1994, by ordinary mail addressed to their last known address such notice to be in the form attached hereto; and, in order to provide such notice the representative defendants shall provide to the plaintiff a list of the names and last known addresses of each member.

The notice to be provided to the members was to the effect that a member of ACFB "may be individually liable for any amount awarded to the plaintiff" against ACFB.

### 1. Appealability

■ Obviously, there is no final order in this case. The only possibly applicable exception to the rule that only final orders may be appealed appears in Ark. R. App. P.—Civ. 2(a)(9), which provides that an appeal may be taken from "[a]n order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure."

We have here no order granting or denying a motion to certify a class in so many words. We have, rather, an order that was the result of the overruling of an objection to the certification of a class.

■ Our Rules 23 and 23.2 are patterned upon the correlative federal rules. We are aware of some federal cases that suggest

that it is appropriate to "certify" a class in accordance with Fed. R. Civ. P. 23.2. *See, e.g., Resolution Trust Corp. v. Deloitte & Touche,* 822 F. Supp. 1512 (D. Colo. 1993); *Merkey v. Board of Regents of State of Florida,* 344 F. Supp. 1296 (N.D. Fla. 1972); *Management Television Systems, Inc. v. National Football League,* 52 F.R.D. 162 (E.D. Pa. 1971). That is *not* our holding here. The problems in this case have been created by the confusion of the parties and the Trial Court of Ark. R. Civ. P. 23 and 23.2. Rule 23.2 is not a "subset" of Rule 23, as is argued by ACFB and the directors. Rule 23.2 is a completely separate rule that incorporates the provisions of Rule 23 only to the extent provided in Rule 23.2.

■ In view of our holding, discussed below, that there is no need for the certification of a class in an action brought pursuant to Rule 23.2, and in view of the apparent attempt on the part of the parties and the Trial Court to provide a notice pursuant to Rule 23, we hold that the order is appealable under Ark. R. App. P.—Civ. 2(a)(9). This holding is based upon the unique facts of this case, and our assumption is that, hereafter, there will be no Rule 23-style attempts to "certify a class" or prescribe notice in cases brought pursuant to Rule 23.2.

## 2. Waiver

Mr. McKinney suggests the arguments raised by ACFB and the directors are the type of "defenses" that, under Ark. R. Civ. P. 12, had to be asserted at the pleading stage or else waived, *i.e.,* lack of personal jurisdiction resulting from lack of proper service of process. ACFB and the directors respond that Mr. McKinney's complaint was a proper Rule 23.2 complaint and that they had no reason to raise issues of notice or certification in response to it.

■ We agree with ACFB and the directors that the arguments they are making, primarily that it is too late to certify a class, are not ones required to be made by Rule 12 in an initial responsive pleading. We note that the complaint of Mr. McKinney was indeed a proper Rule 23.2 complaint, and it probably would have remained so had ACFB and the directors not raised

Rule 23 issues of certification and notice and thereby improperly confused the provisions of the two rules.

### 3.  Certification and notice

ACFB and the directors assert that the Trial Court's order should be reversed because it improperly "certified" the class after too long a delay. They also argue that the Trial Court abused its discretion in certifying the class because certain elements of Ark. R. Civ. P. 23 have not been satisfied. Finally, ACFB and the directors assert that the notice prescribed by the Trial Court violates the ACFB members' right to due process of law.

Rule 23.2 does not require a party to have a class "certified" in order to proceed under that rule, as the text reveals:

> Rule 23.2. ACTIONS RELATING TO UNINCORPORATED ASSOCIATIONS
>
> An action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties *may be maintained* only if it appears that the representative parties will fairly and adequately protect the interests of the association and its members. In *the conduct of the action* the court may make appropriate orders corresponding with those described in Rule 23(d), and the procedure for dismissal or compromise of the action shall correspond with that provided in Rule 23(e) [emphasis added].

The rule thus speaks in terms of a Rule 23.2 action being "maintained" or "conducted," but there is no requirement for a "certification" of a "class," let alone a "timely" certification. By way of comparison, Rule 23 suggests that the certification of the class should occur "as soon as practicable." As a majority of courts have held, however, the provisions of Fed. R. Civ. P. 23 do not apply to actions brought under Fed. R. Civ. P. 23.2, except to the extent that Rule 23.2 itself incorporates by reference the provisions of Rule 23(d) and (e). *See, e.g., Curley v. Brignoli, Curley & Roberts Associates,* 915 F.2d 81 (2nd Cir. 1990), *cert. denied,* 499 U.S. 955 (1991); *Hartford Accident & Indem. Co. v. Dresser Indus., Inc.,* No. 90-C0778, 1994 U.S. Dist. LEXIS 1763 (N.D. Ill. Feb. 18, 1994). *Cf. Stoltz v. United Broth. of Carpenters and Joiners,* 620 F. Supp. 396 (D.C. Nev. 1985).

The Advisory Committee Note to Fed. R. Civ. P. 23.2, 39 F.R.D. 69 108-109 states:

> Although an action by or against representatives of the membership of an unincorporated association has often been viewed as a class action, the real or main purpose of this characterization has been to give "entity treatment" to the association when for formal reasons it cannot sue or be sued as a jural person under Rule 17(b). Rule 23.2 deals *separately* with these actions, referring where appropriate to Rule 23 [emphasis added].

*See also* JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 23.2.06, at pp. 23.2-17 to 23.2-18 (3rd ed. 1998); 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MAY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1861, at pp. 220-22 (2nd ed. 1986).

■ We follow the majority rule on this point. While, as noted above, a trial court may, in the words of Rule 23.2, "make appropriate orders corresponding with those described in Rule 23(d), and the procedures for dismissal or compromise of the action shall correspond with that provided in Rule 23(e)," Rule 23 is otherwise inapplicable in an action brought pursuant to Rule 23.2. Thus, in a Rule 23.2 case, there is no class that must be formally certified as there is in a Rule 23 case. The plaintiff simply names representatives of an association for the purpose of haling the association into court, stating, as was done in this case, why the named representatives are persons who will, in the words of Rule 23.2, "adequately protect the interests of the association and its members." The court may then hold a hearing that may include examination of the adequacy of the named representatives, but that falls far short of a "certification" hearing such as those held pursuant to Rule 23.

■ We understand the concern of ACFB and the directors about the suggestion that individual members may be held liable to satisfy a potential judgment against the ACFB, even though we suspect that suggestion was induced by their unnecessary and inappropriate insistence on a class certification and notice. Individual liability of the members is, however, not in prospect in this action.

Thus, it is not necessary that the individual members of the ACFB receive any notice in this action brought under Rule 23.2.

In *Massey v. Rogers*, 232 Ark. 110, 334 S.W.2d 664 (1960), we dealt with an action against an unincorporated association brought pursuant to our very broad class-action statute, Ark. Stat. Ann. § 27-809 (Repl. 1977), which has now been superseded by Ark. R. Civ. P. 23, 23.1, and 23.2. For the Court, Justice George Rose Smith wrote that a suit could be maintained against an unincorporated burial association and that "a representative proceeding is the usual and proper method of bringing suit against such an organization. The judgment will determine the question of *the association's liability* and, if the plaintiff recovers, will entitle the plaintiff *to proceed against the common property of the association*." 232 Ark. at 111, 334 S.W.2d at 665 (emphasis added)(citations omitted).

The plaintiff in the *Massey* case had also asserted in the complaint that he should receive a personal judgment against the association's individual members if he were unable to collect the judgment from the association's property. We said that the Trial Court had been correct to hold

> that the personal liability of the various members is not a matter to be determined in a class proceeding. Whether the association owes $3,225.00 for services rendered by the funeral home is, in the language of the statute, a question of common interest to all members, Ark. Stats. § 27-809; but the liability of any particular member is a question peculiar to him, upon which he is entitled to notice and an opportunity to present defenses. See Sturges, Unincorporated Associations as Parties to Actions, 33 Yale L. Jour. 383, where it is said: "Upon return of execution against the common property unsatisfied, supplementary proceedings . . . should be available against any or all of the *sui juris* members subject to process for the deficiency. Herein will the member have his day in court as to his individual responsibility."

232 Ark. at 111-12, 334 S.W.2d at 665-66.

Later, in *Thomas v. Dean*, 245 Ark. 446, 450, 432 S.W.2d 771, 774 (1968), after discussing cases such as *Massey v. Rogers*, *supra*, involving suits against associations, we said in an *obiter dictum*

that "a class action as such does not impose personal liability on any individual member of the unincorporated association, but only reaches common assets."

One of the Reporter's Notes to Ark. R. Civ. P. 23.2 provides, citing *Massey v. Rogers, supra*, that the rule "does not affect the principle that individual members of an association are not liable for damages."

Although actions against unincorporated associations are now governed by Rule 23.2, the holding of the *Massey* case continues to apply. If there are "supplementary proceedings" against individual members to be had after the Rule 23.2 action is concluded, whether in the form of a separate, Rule 23 class action against the members or individual actions against them, we assume that questions such as proper notice and timeliness of the action or actions under the appropriate statute or statutes of limitations will arise and be litigated. They are not at issue now.

### 4. Remand

Upon remand, ACFB and the directors may raise with the Trial Court any issues they see fit with respect to assuring, in the words of Rule 23.2, "that the representative parties will fairly and adequately protect the interests of the association and its members." They may seek any other orders appropriate under the rule with the understanding that the action at hand is against the unincorporated association and not its members as individuals.

Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.

GLAZE, J., BROWN, J., IMBER, J., and THORNTON, J., not participating.

Special Justices STEVEN B. DAVIS, DAVID A. KNIGHT, MICHAEL RAINWATER, and JAMES B. SHARP join in this opinion.