Cite as 2024 Ark. App. 504

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-23-261

| | |
|---|---|
| HIOB, LLC, AND YELLOW COMB, LLC APPELLANTS | Opinion Delivered October 23, 2024 |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION |
| V. | [NO. 60CV-19-8538] |
| MICHAEL HIGGINS APPELLEE | HONORABLE WENDELL GRIFFEN, JUDGE |
| | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

This is an appeal from the November 4, 2022 order of the Pulaski County Circuit Court that vacated a default judgment entered on February 25, 2020, and the deemed denial of the motion to alter or amend that order filed by appellants HIOB, LLC ("HIOB"), and Yellow Comb, LLC ("Yellow Comb") (HIOB and Yellow Comb sometimes referred to collectively herein as "appellants"). Appellants raise multiple issues in support of their argument that we should reverse the November 4, 2022 order and reinstate the default judgment because the circuit court lacked jurisdiction to vacate the earlier default judgment. We affirm.

I. *Facts and Procedural History*

Appellants filed suit against appellee Michael Higgins on November 27, 2019, because of his failure to pay two promissory notes that were secured by inventory and a personal guarantee. The complaint sounded in breach of contract, demanded possession of the secured collateral, and pled specifically the amounts owed. Appellants sought a personal monetary judgment against Higgins and an in rem judgment against the property.

An affidavit of service by a process server showing service on Higgins was filed along with a copy of the summons, but Higgins filed no answer. Appellants filed their motion for default judgment on January 10, 2020, and the circuit court entered default judgment on February 25. Higgins did not file any postjudgment motions at that time or a notice of appeal pursuant to Rule 4 of the Arkansas Rules of Appellate Procedure–Civil (2023).

After two years of appellants' attempts to execute on the default judgment, on April 28, 2022, for the first time, Higgins moved to dismiss the case for lack of standing, asserting that the charter of Yellow Comb had been revoked on January 1, 2019, and that HIOB did not become chartered by the Arkansas Secretary of State until November 25, 2020, a year after they had filed their complaint against him on November 27, 2019.

On May 4, Higgins filed a motion to set aside default judgment for lack of standing that, he asserted, was based on Arkansas Rule of Civil Procedure 60(c)(4) (2023) in that "[appellants] misrepresented to the Court that they were entities in existence in Arkansas with legal standing to file suit. See Complaint Filed November 27, 2019."

Appellants moved to strike the motion to dismiss, amended motion to dismiss, and motion to set aside judgment or, alternatively, a response to each. Appellants argued that

2

Higgins's reliance on Arkansas Rule of Civil Procedure 60(c)(4) was misplaced because subsection (c) states that "other than a default judgment . . . the court shall have the power . . . to vacate. . . [a] judgment," noting that the proper rule would have been Arkansas Rule of Civil Procedure 55(c) (2023); however, they claimed it is inapplicable because Higgins's motions did not provide a meritorious defense required under Rule 55(c), and because the circuit court had jurisdiction when it issued the default judgment, it was not void. Appellants countered that they were not transacting business pursuant to Arkansas Code Annotated section 4-27-1501(b) (Repl. 2016); thus, they were not required to have certificates of authority from the Arkansas Secretary of State's Office as excepted under subsections (b)(7) and (8) in creating or acquiring indebtedness or acquiring indebtedness and security interests. They also noted that the business entities had cured any deficiencies and offered copies of their current registration documents and that the circuit court could stay any proceedings to give an entity the opportunity to do so. Finally, appellants argued that Higgins was barred from seeking a direct attack on the default judgment because he had failed to properly appeal it when it was originally entered.

On November 4, 2022, the morning of the hearing on the motions, Higgins filed an amended motion to dismiss arguing that appellants lacked standing to sue and requesting to set aside the default judgment, for the first time relying on Arkansas Rule of Civil Procedure 55(c)(2).

At the hearing, appellants argued that because the circuit court had jurisdiction over the parties and authority to enter the default judgment, it was not void and could not be

collaterally attacked. Appellants' counsel specifically argued that the circuit court did not have authority to set aside the default judgment under either Rule 55 or 60. Regarding the application of Rule 55, counsel argued that the default judgment was not void, Higgins was not arguing it was void, and Higgins had failed to show a required meritorious defense.

Regarding appellants' argument that they were not transacting business in Arkansas, counsel offered to present witnesses and evidence that appellants were not transacting business in Arkansas when the complaint was filed, but the circuit court did not take testimony or additional evidence. Appellants argued that the corporate entities were currently franchised and that their respective registrations should be given retroactive effect.

Higgins's attorney acknowledged that his previous motions should have been filed under Rule 55 rather than Rule 60, and he explained Higgins's position that the default judgment is void and could be collaterally attacked at any time.

The same day as the hearing, the circuit court entered its order to set aside the default judgment, relying on Rule 55(c)(2) and Arkansas Code Annotated section 4-27-1501 (Repl. 2016)—the statute requiring the registration of corporations and a certificate of authority if transacting business in Arkansas. The circuit court stated from the bench:

> Both plaintiffs in this case filed this lawsuit while neither had a charter to do business. Both plaintiffs filed these lawsuits as limited liability companies, not as individuals. A limited liability company cannot file a lawsuit or recover on a lawsuit where it is – has not received a certificate of authority.
>
> Defendant's motion to set aside the default judgment is granted pursuant to Rule 55(c)(2) and (4) of the Arkansas Rules of Civil Procedure.

4

> Defendant's motion to dismiss is granted based on the Court's holding that this lawsuit was void ab initio because neither HIOB nor Yellow Comb had a charter to do business. Limited liability companies cannot commence or maintain litigation in Arkansas when they are not authorized to do business in Arkansas.

The circuit court did not make any findings regarding whether appellants were transacting business and therefore required to be registered. Nor did the circuit court consider whether retroactive registration, which was asserted, applied. The order stated that the complaint and order of default judgment were void and dismissed without prejudice.

On November 14, appellants filed their motion to alter or amend the November 4 order, pursuant to Arkansas Rule of Civil Procedure 52 (2023). They argued that they were not transacting business when the complaint was filed, that no proof otherwise had been presented, and that the circuit court lacked jurisdiction to alter the default judgment. Higgins disagreed in his response filed on November 28.

Appellants filed their timely notice of appeal on November 25 as well as a supplemental motion to alter or amend on November 29 and a reply to Higgins's response to their motion to alter or amend on December 5. On December 30, appellants filed an amendment to the notice of appeal to include the deemed denial of their motions to alter or amend the November 4, 2022 order.

II. *Standard of Review and Applicable Law*

We have held that in cases involving an appeal of the grant or denial of a motion to set aside a default judgment, our standard of review depends on the grounds on which the appellant is claiming the default judgment should be set aside. *See Ellzey v. Brookhollow Assocs.,*

*L.P.*, 2009 Ark. App. 309, at 2. Ordinarily, this court applies an abuse-of-discretion standard; however, in cases where the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.* (citing *Nationwide Ins. Enter. v. Ibanez*, 368 Ark. 432, 246 S.W.3d 883 (2007); *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004)).

Rule 55 sets out when default judgments may be entered and when they may be set aside:

> A circuit court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Ark. R. Civ. P. 55(c). Here, the circuit court found that the default judgment was void ab initio under Rule 55(c)(2); accordingly, the applicable standard of review is de novo because the question of whether a default judgment is void is a question of law that affords no discretion to the circuit court.

III. *Discussion*

The question before us is whether the circuit court had jurisdiction to vacate the February 25, 2020, when no timely appeal was filed by Higgins, the party seeking the vacation.

Rule 55(c) gives a circuit court discretion to set aside a default judgment, including when it is void. Note that Rule 55(c) does not place a time limit on when a motion to set aside a default judgment may be filed.

A corporation not in existence cannot initiate a lawsuit. *See HRR Ark., Inc. v. River City Contractors, Inc.*, 350 Ark. 420, 427, 87 S.W.3d 232, 237 (2002). That is because a corporation that is not in existence lacks the capacity to sue. *See Fausett & Co. v. Bogard*, 285 Ark. 124, 126, 685 S.W.2d 153, 155 (1985). A circuit court does not have jurisdiction to hear a matter where a litigant lacks the capacity to sue. *Id.*

It is undisputed that Yellow Comb's charter was revoked on January 1, 2019—over ten months before the complaint in this matter was filed—and its corporate status remained revoked at the time the complaint was filed. A domestic corporation or limited liability company's status may be revoked by the Arkansas Secretary of State for failing to pay franchise taxes pursuant to Arkansas Code Annotated section 26-54-111 (Supp. 2023). A corporation cannot file a complaint in court after it ceases to exist legally. *See HRR Ark., Inc.*, *supra*.

Likewise, it is undisputed that HIOB is a Hawaii limited liability company that did not become chartered by the Arkansas Secretary of State until November 25, 2020, a year following the filing of appellants' complaint against Higgins on November 27, 2019.

On the basis of that undisputed evidence, the circuit court specifically found that appellants were not chartered as businesses when they filed their complaint and that they lacked standing to bring suit. Pursuant to the reasoning in *HRR Arkansas, Inc.*, *supra*, and

7

*Fausett, supra*, we hold that the evidence supports the circuit court's determination that appellants lacked standing and the capacity to sue and that it did not have jurisdiction to enter the default judgment; thus, it was void. Because it was within the circuit court's discretion to set aside the default judgment pursuant to Rule 55(c)(2) of the Arkansas Rules of Civil Procedure, to find that it was void, and to dismiss the action without prejudice, we affirm.

Affirmed.

HARRISON, C.J., and BROWN, J., agree.

*Dilks Law Firm*, by: *Lyndsey D. Dilks* and *Frank H. Falkner*; and *Robert S. Tschiemer*, for appellants.

*AR Law Partners, PLLC*, by: *Vanessa Cash Adams* and *Dustin A. Duke*, for appellee.