Floyd TUTSON, et al., Appellants,

v.

Tom UPCHURCH, Jr., Tom Upchurch, Jr. & Associates, and Wayne Barfield, Appellees.

No. 07–04–0525–CV.

Court of Appeals of Texas, Amarillo.

July 12, 2006.

Opinion Overruling Rehearing Sept. 12, 2006.

James H. Doores, Kevin A. Isern, Lovell, Lovell, Newsom & Isern, Amarillo, for appellee.

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

### Opinion

BRIAN QUINN, Chief Justice.

Floyd Tutson, Stacie Lynn Reeves, Donna Gordy, Paula Burns, Al Brady Burns, Naomi Cornelison, Gertrude Davenport, Becky Hobson, Gwendolyn Smith Williams and her son, Doug Pyle, Catherine Patricia Anthony, Carolyn Hood (Cowan), JoJean Hobson, Jose G. Romo, and Collin Fowler (collectively referred to as the Clients) appeal from a "Final Summary Judgment" denying them recovery against Tom Upchurch, Jr., Tom Upchurch, Jr. & Associates, and Wayne Barfield (collectively referred to as the Attorneys). Four issues appear before us. Under the first, the Clients assert that the summary judgment is not final. Next, they contend that a summary judgment cannot be entered by agreement. And, in their third and fourth issues, they aver that the trial court erred in granting summary judgment. We reverse the judgment.

### Issue One—Finality of the Judgment

The Clients initially assert that we lack jurisdiction over the appeal since the "Final Summary Judgment" signed by the trial court actually was not final. Furthermore, the decree was not final because 1) the grounds for summary judgment alleged in the various motions (and evidence supporting them) did not encompass all claims and all parties and 2) not all the plaintiffs were specifically named in the decree. We overrule the issue.

 Regarding the first proposition, that the trial court enters summary judg-

---

Deborah Smith McClure, Amarillo, for appellant.

**1.** John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX.

GOV'T CODE ANN. § 75.002(a)(1) (Vernon Supp. 2006).

ment upon claims outside the scope of the summary judgment motion does not render the summary judgment interlocutory. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001) (stating that if a defendant moves for a summary judgment on one of four causes of action "but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final"). As for the second allegation, to be final, a judgment need not be in any particular form. *Id.* at 195. Instead, it need only dispose of all pending parties and claims. *Id.* Here, each claimant and claim was not expressly named or itemized in the judgment. Nonetheless, the trial court "ORDERED that plaintiffs take nothing against defendants, that *all claims* asserted by plaintiff are denied, and that all costs of court be taxed against plaintiffs." [2] (Emphasis added). So too did it state that "*[a]ll* relief requested in this case and not expressly granted is denied" and "[t]his judgment finally disposes of *all* parties and claims and *is appealable.*" (Emphasis added). Given the trial court's use of each word or phrase italicized, we cannot but hold that the trial court intended to render an appealable judgment and actually disposed of all claims and parties. Thus, the "Final Summary Judgment" indeed was final.

*Issue Two—Render an Agreed Summary Judgment*

Next, the Clients allege that a summary judgment cannot be rendered by agreement if the terms of Rule 11 are unsatisfied. And, because those terms were not met at bar, the trial court erred in purporting to render the judgment upon the agreement of the parties. We sustain the issue.

Rule 11 of the Texas Rules of Civil Procedure states that "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex.R. Civ. P. 11. Moreover, until all the terms of a judgment have been definitely agreed upon by all the parties and those terms are either reduced to writing, signed, and made a part of the record or made in open court and entered of record, the trial court is not authorized to render a judgment by agreement. *Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 873 (1939); *McIntyre v. McFarland*, 529 S.W.2d 857, 859 (Tex.Civ.App.-Tyler 1975, no writ). The purpose of these rules is to remove from "the fallibility of human recollection" agreements of counsel which affect the interests of their clients. *Matthews v. Looney*, 123 S.W.2d at 873, *quoting, Wyss v. Bookman*, 235 S.W. 567 (Tex. Comm'n App.1921) (judgm't adopted). And, that purpose is no less applicable here.

The record before us illustrates that the trial court granted the Attorneys' motion for summary judgment not due to its merit but because counsel for the Clients allegedly agreed, at the hearing on said motion, that summary judgment was proper.[3] Furthermore, the agreement was

---

2. We note that in referring to the claims being denied, the decree simply stated "plaintiff" in the singular. However, we view this as a typographical error given the trial court's reference to "plaintiffs" plural when ordering that they "take nothing" and in levying court costs. It, no doubt, intended to use the plural "plaintiffs" throughout the judgment.

3. During the hearing, the trial judge candidly admitted that he did not peruse the summary judgment motion in depth. Rather, he relied

neither written nor entered of record. Instead, the trial court was left to reconstruct it based upon his memory. So, given the absence of any written record of the accord and its propensity to touch the suit, the trial court lacked authority to act upon it. And, because that unrecorded agreement formed the basis of its decision to grant summary judgment, entry of the judgment was impermissible under Rule 11, *Matthews,* and *McIntyre.*

Our disposition of issue two relieves us from having to consider the remaining issues raised by the Clients. Accordingly, we reverse the final summary judgment and remand the cause to the trial court.

### On Motion for Rehearing

PER CURIAM.

■ Pending before the court is a motion for rehearing of Tom Upchurch, Jr., Tom Upchurch, Jr. and Associates, and Wayne Barfield (Upchurch and Barfield). Movants inform us that we engaged in "a complete misconstruction of what occurred" when reversing the summary judgment entered below. Furthermore, the "complete misconstruction" involved our application of Texas Rule of Civil Procedure 11 to the circumstances depicted in the record. There was no agreement between counsel implicating Rule 11, they continued. Rather, the "statement of *concession* by" appellants' counsel was merely "an announcement to the [trial] court that there was no contest...."[1] (Emphasis added). Within these words lies the answer to their motion.

■ Whether an attorney sits down with opposing counsel and the two jointly negotiate a resolution to the dispute is unimportant. Rule 11 and its mandate encompasses a "concession" made by trial counsel in court. *See e.g., Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 793 (Tex.2005) (holding unenforceable trial counsel's purported "concession" regarding the forum selection clause since the "concession" went unrecorded); *Shepherd v. Ledford,* 926 S.W.2d 405, 410 (Tex. App.-Fort Worth 1996), *aff'd,* 962 S.W.2d 28 (Tex.1998) (applying Rule 11 to stipulations which included a "concession" by counsel). Moreover, and as quoted above, Upchurch and Barfield themselves described opposing counsel's conduct as a "concession." Thus, it had to comport with Rule 11 to be valid. Because it did not, it was and remains unenforceable. We are not unmindful of the age of this case. But, that does not authorize us to ignore Rule 11. Simply put, this court did not misapply Rule 11 via a "complete misconstruction of what occurred." Thus, we overrule the motion for rehearing.

---

upon the alleged agreement between counsel to enter summary judgment.

1. Whether Mr. John Lesly, trial attorney for the appellants, had the authority to unilaterally concede the bona fides of the summary judgment motion of Upchurch and Barfield and accede to the entry of judgment against his clients is a question reserved for another

day and another forum. Yet, we do note that such authority is neither inherent in nor implied from the mere existence of an attorney/client relationship. *Southwestern Bell Tel. Co. v. Vidrine,* 610 S.W.2d 803, 805 (Tex. Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e); *Johnson v. Back,* 378 S.W.2d 723, 725 (Tex.Civ.App.Amarillo 1964, no writ).