Cite as 2016 Ark. 29

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE RECOMMENDATIONS OF THE COMMITTEE ON CIVIL PRACTICE | **Opinion Delivered** January 28, 2016 |

## PER CURIAM

The Arkansas Supreme Court Committee on Civil Practice submitted its annual proposals and recommendations for changes in rules of procedure affecting civil practice. The proposals are in the following areas:

A. Amendments related to summons revision

  Ark. R. Civ. P. 4 and Form of Summons

  Ark. R. Civ. P. 12

  Administrative Order No. 18

B. Addresses and contact information on pleadings

  Ark. R. Civ. P. 10 and 11

C. Space for file marks

  Administrative Order No. 2

We are publishing the suggested amendments for comment. The Reporter's Notes explain the changes, and the proposed changes are set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

We express our gratitude to the committee members for their faithful and helpful work with respect to the rules. Comments on the suggested rule changes should be made in writing

SLIP OPINION

before April 1, 2016, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Civil Procedure Rules, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201.

## A. Amendments related to Summons revision

### 1. Ark. R. Civ. P. 4. Summons <u>and Service of Process</u>.

(a) *Issuance <u>of Summons</u>*. <u>Immediately on</u> ~~Upon~~ the filing of the complaint, the clerk shall ~~forthwith~~ issue a summons <u>to the plaintiff or the plaintiff's attorney, who shall deliver it and cause it to be delivered</u> for service to a person authorized by <u>subdivision (c) of</u> this rule to serve process.

(b) *Form <u>of Summons</u>*. The summons shall be styled in the name of the court and <u>issued under its seal,</u> ~~shall be~~ dated and signed by the clerk <u>or a deputy clerk,</u> ~~, be under the seal of the court, contain~~ and directed from the State of Arkansas to the defendant to be served. It shall contain:

(1) <u>in its caption,</u> the names of the ~~parties, be directed to the defendant;~~ <u>plaintiff and defendant or, if there are multiple parties, the names of the plaintiff and defendant listed first in the complaint;</u>

(2) <u>the address of the defendant to be served, if known;</u>

(3) ~~state~~ the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff;

(4) ~~and~~ the time within which these rules require the defendant to appear, file a <u>responsive</u> pleading <u>or motion</u>, and defend<u>;</u> and

(5) ~~shall notify him that in case of his~~ <u>notice that the defendant's</u> failure to ~~do so,~~ <u>appear, respond, and defend within the time allowed may result in entry of</u> judgment by default <u>against the defendant</u> ~~may be entered against him~~ for the relief demanded in the complaint.

(c) *Process: Defined; By Whom Served*. <u>(1) For purposes of this rule, the term "process" means the summons and a copy of the complaint, which shall be served together. The plaintiff or the plaintiff's attorney shall furnish the person making service with as many copies as are necessary.</u>

<u>(2)</u> ~~Service of summons shall be made by:~~ <u>The following persons are authorized to serve process:</u>

(A) <u>the</u> ~~a~~ sheriff of the county where the service is to be made, or his or her deputy, unless the sheriff is a party to the action;

(B) any person appointed pursuant to Administrative Order No. 20 for

the purpose of serving summons by either the court in which the action is filed or a court in the county in which service is to be made;

(C) any person authorized to serve process under the law of the place outside this state where service is made; ~~or~~ and

(D) in the event of service by mail or commercial delivery company pursuant to subdivision ~~(d)(8)~~ (g)(1) and (2) of this rule, ~~by~~ the plaintiff or an attorney of record for the plaintiff.

(d) *Proof of Service*. The person effecting service shall make proof of service to the clerk within the time during which the person served must respond to the summons. Failure to make proof of service, however, shall not affect the validity of service.

(1) Proof of service may be made by executing a certificate of service contained in the same document as the summons. If service is made by a person other than a sheriff or his or her deputy, the certificate shall be sworn. If service has been by mail or commercial delivery company, the person making service shall attach a return receipt, envelope, affidavit, acknowledgment, or other writing required by subdivision (g)(1) and (2) of this rule.

(2) If service is made by warning order, proof of service shall be made as provided in subdivision (g)(3) of this rule.

(3) Proof of service in a foreign country, if effected pursuant to the provisions of a treaty or convention as provided in subdivision (h)(4) of this rule, shall be made in accordance with the applicable treaty or convention.

(e) *Amendment*. At any time in its discretion and on terms as it deems just, the court may allow any summons or proof of service to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the summons is issued.

(f) ~~(d)~~ *Personal Service Inside the State*. ~~A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary.~~ Service of process shall be made inside the state ~~upon any person designated by statute to receive service or~~ as follows:

(1) *Natural Persons*. ~~Upon an individual, other than an infant~~ If the defendant is a natural person at least 18 years of age or emancipated by court order, by:

(A) delivering a copy of the ~~summons and complaint~~ process to ~~him~~ the defendant personally, or if he or she refuses to receive it~~, by offering a copy thereof to him, or by~~ after the process server makes his or her purpose clear, by leaving the papers in close proximity to the defendant;

(B) leaving the process ~~a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age, or by~~ with any member of the defendant's family at least 18 years of age at a place where the defendant resides;

(C) delivering the process to an agent authorized by appointment or by

law to receive service of summons~~.~~ on the defendant's behalf; or

        (D) leaving the process at the defendant's place of business during normal working hours with a receptionist or the employee who is then apparently in charge, if the defendant maintains an office or other fixed location for the conduct of business.

        (2) *Minors.* ~~When the defendant is under the age of 14 years, service must be upon a parent or guardian having the care and control of the infant, or upon any other person having the care and control of the infant and with whom the infant lives. When the infant is at least 14 years of age, service shall be upon him.~~ If a defendant is less than 18 years of age and has not been emancipated by court order, by delivering the process to the defendant's father, mother, or guardian or, if there be none in the state, to any person at least 18 years of age in whose care or control the minor may be or with whom the minor resides.

        (3) *Incapacitated Persons.* ~~Where the defendant is a person for whom a plenary, limited or temporary guardian has been appointed, the service must be upon the individual and the guardian. If the person for whom the guardian has been appointed is confined in a public or private institution for the treatment of the mentally ill, service shall be upon the superintendent or administrator of such institution and upon the guardian.~~ If a plenary, limited, or temporary guardian has been appointed for an incapacitated person, or if a conservator has been appointed for a person who by reason of advanced age or physical disability is unable to manage his or her property, service shall be on the person and the guardian or conservator.

        (4) *Incarcerated Persons.* ~~Where the defendant is~~ Service on a person incarcerated in any jail, penitentiary, or other correctional facility in this state~~, service must be~~ shall be on ~~upon~~ the administrator of the institution, who shall promptly deliver ~~a copy of the summons and complaint~~ the process to the ~~defendant~~ incarcerated person. A copy of the ~~summons and complaint~~ process shall also be sent to the ~~defendant~~ incarcerated person by first-class mail and marked as "legal mail" and, unless the court otherwise directs, to ~~the defendant's~~ his or her spouse, if any.

        (5) *Corporations.* ~~Upon a domestic or foreign corporation or upon a partnership, limited liability company, or any unincorporated association subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.~~ Service on any corporation, including nonprofit corporations, professional corporations, and cooperatives, shall be on its registered agent for service of process, or the agent's secretary or assistant; any officer of the corporation, or the officer's secretary or assistant; a managing or general agent of the corporation, or the agent's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by statute.

        (6) *Limited Liability Companies.* Service on a limited liability company shall be on its registered agent for service of process, or the agent's secretary or assistant; a

manager of a limited liability company in which management is vested in managers rather than members, or the manager's secretary or assistant; a member of a limited liability company in which management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant; a managing or general agent of the limited liability company, or the agent's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by statute.

(7) *Partnerships*. Service on any type of partnership, including a general partnership, a limited liability partnership, a limited partnership, and a limited liability limited partnership, shall be on any general partner or his or her secretary or assistant; the partnership's registered agent for service of process, or the agent's secretary or assistant; a managing or general agent of the partnership, or the agent's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by statute.

(8) *Unincorporated Associations*. Service on an unincorporated association subject to suit under its own name, except a partnership, shall be on its registered agent for service of process, or the agent's secretary or assistant; any manager of the association, or the manager's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by statute.

(9) *Defendant Class Actions*. Service on a defendant class shall be on each of the parties named as class representatives in the same manner as if each representative were sued in a separate action.

(10) *Trusts*. Service on a trust shall be on a trustee of the trust, on the trustee's secretary or assistant, or as provided by statute.

(11) ~~(6)~~ *The United States*. Service on ~~Upon~~ the United States or any of its agencies, officers, or ~~agency~~ employees shall be ~~thereof, by service upon any person and in such manner~~ as ~~is~~ authorized by the Federal Rules of Civil Procedure or by other federal law.

~~(7) Upon a state or municipal corporation or other governmental organization or agency thereof, subject to suit, by delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or by statute to receive such service, or upon the Attorney General of the state if such service is accompanied by an affidavit of a party or his attorney that such officer or designated person is unknown or cannot be located.~~

(12) *States and State Agencies*. Service on a state or any of its agencies, departments, boards, or commissions subject to suit shall be on the chief executive officer, director, or chairman, any of his or her assistants or secretaries, any other person designated by appointment or by statute to receive service of process, or on the Attorney General of the state if service is accompanied by an affidavit of a party or the party's attorney that the officer or designated person is unknown or cannot be located.

(13) *Municipal Corporations*. Service on a municipal corporation shall be on the mayor, city manager, city administrator, or city clerk, or any of their assistants or secretaries.

(14) *Counties*. Service on a county shall be on the county judge, county administrator, county clerk, circuit clerk if no county clerk has been elected, or any of their assistants or secretaries.

(15) *School Districts*. Service on a school district shall be on the president of the board of directors, the superintendent of schools, or any of their assistants or secretaries.

(16) *Other Political Subdivisions*. Service on any political subdivision, special district, or quasi-municipal agency not listed in this subdivision shall be on any officer, director, chairman, or manager or any of his or her assistants or secretaries.

(17) *Public Officers or Employees*. Service on an officer or employee of a government entity listed in paragraphs (12)-(16) of this subdivision, acting in an official capacity, shall be on the officer or employee and by mailing a copy of the process as specified in subdivision (g)(1)(A)(i) of this rule to an official on whom service can be made pursuant to paragraphs (12)-(16), as applicable, and a copy to the Attorney General if a state officer or employee is sued.

(g) *Alternative Methods of Service*. In addition to the methods of service described in subdivision (f) of this rule, process may be served on any defendant except the United States and any of its agencies, officers, or employees by the methods enumerated in this subdivision.

(1) *Service by Mail*. The plaintiff or an attorney of record for the plaintiff shall serve process by mail only as provided in this paragraph.

(A)(i) Certified mail shall be addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. Notwithstanding the foregoing, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

(ii) Service pursuant to this paragraph (A) shall not be the basis for the entry of a judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document, or affidavit by a postal employee reciting or showing refusal of the mailed process by the addressee. Failure to claim mail does not constitute refusal for purposes of this paragraph.

(iii) If delivery of mailed process is refused, the plaintiff or attorney making service, promptly on receipt of notice of the refusal, shall mail to the defendant by first-class mail a copy of the process and a notice that despite the refusal the case will proceed and that judgment by default may be entered for the relief demanded in the complaint unless the defendant appears to defend the suit.

(iv) A judgment by default may be set aside pursuant to Rule 55(c) if the addressee demonstrates to the court that the return receipt was signed or delivery was refused by someone other than the addressee or the agent of the addressee.

(B)(i) First-class mail, postage prepaid, shall be addressed to the person

to be served, together with two copies of a notice and acknowledgment conforming substantially to a form adopted by the Supreme Court and a return envelope, postage prepaid, addressed to the sender.

(ii) If no acknowledgment of service is received by the sender within 20 days after the date of mailing, service of process shall be made in a manner other than by mail or by commercial delivery company.

(iii) Unless good cause is shown for not doing so, the court shall order the payment of the costs of service by the person served if that person does not complete and return, within 20 days after mailing, the notice and acknowledgment of receipt of summons. The notice and acknowledgment of receipt of process shall be executed under oath or affirmation.

(2) *Service by Commercial Delivery Company.* The plaintiff or an attorney of record for the plaintiff shall serve process by commercial delivery company only as provided in this paragraph.

(A) The documents must be addressed to the person to be served and delivered by a commercial delivery company that (1) obtains signatures of recipients, (2) maintains permanent records of actual delivery, and (3) has been approved by the circuit court in which the action is filed or in the county where service is to be made. The circuit clerk shall maintain and post a list of approved commercial delivery companies.

(B) The process must be delivered to the defendant or an agent authorized to receive service of process on behalf of the defendant. The signature of the defendant or agent must be obtained.

(C)(i) Service pursuant to this paragraph (2) shall not be the basis for a judgment by default unless the record reflects actual delivery on, and the signature of, the defendant or agent, or an affidavit by an employee of an approved commercial delivery company reciting or showing refusal of the process by the defendant or agent.

(ii) If delivery of process is refused, the plaintiff or attorney making the service, promptly on receipt of notice of the refusal, shall mail to the defendant by first class mail a copy of the process and a notice that despite the refusal the case will proceed and that judgment by default may be entered for the relief demanded in the complaint unless the defendant appears to defend the suit.

(iii) Any judgment by default may be set aside pursuant to Rule 55(c) if the court finds that someone other than the defendant or agent signed the receipt or refused the delivery or that the commercial delivery company had not been approved as required by this paragraph.

(3) *Service by Warning Order.* If the plaintiff seeks a judgment that affects or may affect the rights of persons who need not be subject personally to the jurisdiction of the court, service may be by warning order issued by the clerk. On the filing by the plaintiff or his or her attorney of an affidavit showing that, after diligent inquiry, the identity or whereabouts

SLIP OPINION

of the defendant remains unknown, the clerk shall issue a warning order to be published in a newspaper of general circulation as described in paragraph (B) or posted at the courthouse as provided in paragraph (C).

(A) The warning order shall state the caption of the pleadings; briefly describe the nature of the action and the relief sought; include, if applicable, a description of the property or other res to be affected by the judgment; and warn the defendant or interested person to appear within 60 days from the date of first publication of the warning order or face entry of judgment by default or be otherwise barred from asserting his or her interest.

(B)(i) The party seeking judgment shall cause the warning order to be published weekly for four consecutive weeks in a newspaper having general circulation in the county where the action is filed and to be sent, with a copy of the complaint, to the defendant or interested person at his or her last known address by certified mail as provided in paragraph (1)(A)(i) of this subdivision.

(ii) As used in this subdivision, the term "newspaper" means a printed publication in the English language of no less than four pages that has been disseminated without interruption at least once a week for the preceding 12 months in the county where the action has been filed, holds a second-class mailing permit, has at least 50-percent paid circulation, and devotes an average of 40 percent of its space to news and information of interest to the general public.

(iii) Proof of publication shall be by affidavit of the editor, proprietor, or business manager of the newspaper, with a copy of the published notice attached, stating the dates on which the notice appeared.

(C) If the party seeking judgment has been granted leave to proceed as an indigent without prepayment of costs, the clerk shall conspicuously post the warning order for a continuous period of 60 days at the courthouse or courthouses of the county where the action is filed. The party seeking judgment shall cause the warning order and a copy of the complaint to be sent to the defendant or interested person at his or her last known address by certified mail as provided in paragraph (1)(A)(i) of this subdivision. Newspaper publication of the warning order is not required. Proof of posting shall be by a letter or other statement signed by the clerk stating the location and dates on which the warning order was posted.

(D) No judgment by default shall be taken pursuant to this subdivision unless the party seeking the judgment or his or her attorney has filed with the court an affidavit stating that 60 days have elapsed since the warning order was first published or posted. The affidavit shall be accompanied by the required proof of publication or posting of the warning order. If a defendant or other interested person is known to the party seeking judgment or to his or her attorney, the affidavit shall also state that 60 days have elapsed since a letter enclosing a copy of the warning order and the complaint was mailed to the defendant or other interested person.

(4) *Service as Directed by Court Order.* On motion without notice and after a showing by affidavit or other proof as the court may require that, despite diligent effort, service cannot be made by the methods authorized by this rule, the court may order service by any method or combination of methods reasonably calculated to apprise the defendant of the action, including service by warning order meeting the minimum requirements of paragraph (3)(A)–(D) of this subdivision.

(h) ~~(e) Other~~ *Service Outside the State*. Whenever the law of this state authorizes service outside this state, ~~the~~ service, when reasonably calculated to ~~give actual notice~~ apprise the defendant of the action, may be made:

(1) By personal delivery in the same manner prescribed for service within this state;

(2) In any manner prescribed by the law of the place in which service is made in an action in any of its courts of general jurisdiction;

(3) By mail or commercial delivery company as provided in subdivision (g)(1) and (2) ~~(d)(8)~~ of this rule;

(4) As directed by a foreign authority in response to a letter rogatory or pursuant to the provisions of any treaty or convention pertaining to the service of a document in a foreign country;

(5) By any method or combination of methods as ~~As~~ directed by order of the court. ~~on motion,~~ without notice and after a showing by affidavit or other proof as the court may require that, despite diligent effort, service cannot be made by the methods authorized by this rule.

~~(f) *Service By Warning Order.* (1) If it appears by the affidavit of a party seeking judgment or his or her attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, or if a party seeks a judgment that affects or may affect the rights of persons who are not and who need not be subject personally to the jurisdiction of the court, service shall be by warning order issued by the clerk. This subdivision shall not apply to actions against unknown tortfeasors.~~

~~(2) The warning order shall state the caption of the pleadings, include, if applicable, a description of the property or other res to be affected by the judgment, and warn the defendant or interested person to appear within 30 days from the date of first publication of the warning order or face entry of judgment by default or be otherwise barred from asserting his or her interest. The party seeking judgment shall cause the warning order to be published weekly for two consecutive weeks in a newspaper having general circulation in the county where the action is filed and to be mailed, with a copy of the complaint, to the defendant or interested person at his or her last known address by any form of mail with delivery restricted to the addressee or the agent of the addressee.~~

~~(3) If the party seeking judgment has been granted leave to proceed as an indigent without prepayment of costs, the clerk shall conspicuously post the warning order for a~~

continuous period of 30 days at the courthouse or courthouses of the county wherein the action is filed. The party seeking judgment shall cause the warning order to be mailed, with a copy of the complaint, to the defendant or interested person as provided in paragraph (2). Newspaper publication of the warning order is not required.

(4) No judgment by default shall be taken pursuant to this subdivision unless the party seeking the judgment or his or her attorney has filed with the court an affidavit stating that 30 days have elapsed since the warning order was first published as provided in paragraph (2) or posted at the courthouse pursuant to paragraph (3). If a defendant or other interested person is known to the party seeking judgment or to his or her attorney, the affidavit shall also state that 30 days have elapsed since a letter enclosing a copy of the warning order and the complaint was mailed to the defendant or other interested person as provided in this subdivision.

(g) *Proof of Service.* The person effecting service shall make proof thereof to the clerk within the time during which the person served must respond to the summons. Failure to make proof of service, however, shall not affect the validity of service. If service is made by a sheriff or his deputy, proof may be made by executing a certificate of service or return contained in the same document as the summons. If service is made by a person other than a sheriff or his deputy, the person shall make affidavit thereof, and if service has been by mail or commercial delivery company, shall attach to the affidavit a return receipt, envelope, affidavit or other writing required by Rule 4(d)(8). Proof of service in a foreign country, if effected pursuant to the provisions of a treaty or convention as provided in Rule 4(e)(4), shall be made in accordance with the applicable treaty or convention.

(h) *Amendment.* At any time in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the summons is issued.

(i) *Time Limit for Service.* (1) If service of the process summons and a copy of the complaint is not made on a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice upon on motion or upon on the court's initiative. If service is by mail or by commercial delivery company pursuant to subdivision (d)(8)(A) & (C) (g)(1) and (2) of this rule, service shall be deemed to have been made for purposes of this subdivision (i) on the date that the process was accepted or refused.

(2) The court, upon on written motion and a showing of good cause, may extend the time for service if the motion is made within 120 days of the filing of the suit or within the time period established by a previous extension. To be effective, an order granting an extension must be entered within 30 days after the motion to extend is filed, by the end of the 120-day period, or by the end of the period established by the previous extension, whichever date is later.

(3) This subdivision shall not apply to service in a foreign country pursuant to subdivision ~~(e)~~ (h) of this rule or to complaints filed against unknown tortfeasors.

(j) *Service of Other Writs and Papers.* Whenever any rule or statute requires service ~~upon~~ on any person, firm, corporation or other entity of notices, writs, or papers other than a summons and complaint, including without limitation writs of garnishment, ~~such~~ the notices, writs or papers may be served in the manner prescribed in this rule for service of ~~a summons and complaint~~ process. Provided, however, any writ, notice or paper requiring direct seizure of property, such as a writ of assistance, writ of execution, or order of delivery shall be made as otherwise provided by law.

(k) *Disregard of Error; Actual Notice.* Any error as to the sufficiency of process or the sufficiency of service of process shall be disregarded if the court determines that the plaintiff substantially complied with the provisions of this rule and that the defendant received actual notice of the complaint and filed a timely answer or a timely motion pursuant to Rule 12(b).

(l) *Waiver.* A party seeking to affirmatively waive sufficiency of service and sufficiency of process shall do so in writing. A waiver pursuant to this subdivision: (1) is not effective unless filed with the clerk and served on all parties as provided in Rule 5; and (2) does not of itself waive any other defense.

**Reporter's Notes (20\_\_ Amendment).** Rule 4 has undergone several modifications since it became effective in 1979. The 20\_\_ amendment substantially revises and reorganizes the rule, and these changes necessarily affect cases applying the earlier versions.

**Subdivision (a).** The amendment reflects more clearly the actual practice envisioned by the Reporter's Notes to the original version of the rule. As there stated: "Whereas FRCP 4 places the onus of delivering process to the server upon the Clerk, this Rule permits the Clerk to 'cause it to be delivered,' thus contemplating placing the summons with the plaintiff's attorney who then will see to it that it is served by an appropriate official."

**Subdivision (b).** This subdivision has been revised to accommodate electronic filing and to reflect current law. The introductory section to the official summons form has also been modified.

New language in subdivision (b) provides that, in multiple-party cases, only the first-listed party on each side of the case must be listed in the caption. This revision is necessary because of electronic filing software and is consistent with *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004), in which the Supreme Court refused to read the original version of the rule to require "a listing of every plaintiff and every defendant on every summons, no matter how many plaintiffs and defendants are parties to the case." *Id.* at 123, 186 S.W.3d at 729.

Similarly, the phrase "directed from the State of Arkansas to the defendant to be served" has been added to reflect the holding of *Gatson v. Billings*, 2011 Ark. 125. There the Supreme Court held that Rule 4(b) must be read in conjunction with Ark. Const. art. 7, § 49, which provides that "[a]ll writs and other judicial process, shall run in the name of the State of Arkansas." The new provision also makes plain that the defendant "to be served" is identified here; in a case with multiple defendants, this defendant's name will not necessarily appear in the caption.

Another change requires the summons to contain "the address of the defendant to be served, if known." This provision makes the rule's text consistent with the official summons form, which contains a space for the address of the defendant being served. The amended rule recognizes, however, that the defendant's address may not be known at the time the complaint is filed and the summons issued.

The introductory section of the official summons form has been divided into three paragraphs. The second paragraph lists examples of additional notices that may be included: those required by statute in unlawful-detainer actions and in replevin actions, plus the notice of consent jurisdiction of state district courts required by Administrative Order No. 18.

**Subdivision (c).** This subdivision has been amended by adding a new paragraph (1) and designating the previous text as paragraph (2). The latter is unchanged except for a revised cross-reference. The new first paragraph defines "process" for purposes of the rule to include the summons and complaint and requires, as did a sentence in subdivision (d) in the previous version of the rule, that they be served together.

**Subdivision (d).** This subdivision addresses proof of service; for the most part it is the same as former subdivision (g) but has been divided into three paragraphs. The introductory material consists of the first and second sentences of former subdivision (g) with one stylistic change. Paragraph (1) is based on the third and fourth sentences of the previous version, rewritten to conform to the official summons form. Paragraph (2), which cross-references the proof-of-service provision for warning orders, is new. Paragraph (3) is identical to the last sentence of former subdivision (g) with the exception of the cross-reference.

**Subdivision (e).** This subdivision, which governs amendment of the summons and proof of service, tracks former subdivision (h).

**Subdivision (f).** A substantially revised version of former subdivision (d), this provision addresses personal service inside the state. It clarifies the prior rule as to service on individuals, entities, and organizations and in some instances expands the opportunities for service. Alternative methods for serving these defendants (except the United States and its agencies, officers, and employees) are set out in subdivision (g).

Paragraph (1)(A) spells out so-called "refusal service" in more detail, drawing on such cases as *Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000), and *Riggin v. Dierdorff*, 302 Ark. 517, 790 S.W.2d 897 (1990). The process server must, after "mak[ing] his or her purpose clear," leave the summons and complaint "in close proximity" to a defendant who refuses to accept the documents.

In paragraph (1)(B), the phrase "a place where the defendant resides" replaces its counterpart in former paragraph (d)(1), "dwelling house or usual place of abode." The effect of this change is to overturn *State Office of Child Support Enforcement v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997), which defined the latter phrase in terms of domicile: a person's "fixed permanent home, the place to which he has—whenever absent—the intention of returning." *Id.* at 344, 954 S.W.2d at 910. Residence and domicile are not synonymous; a person can have multiple residences but only one domicile. *See Leathers v. Warmack*, 341 Ark. 609, 19 S.W.3d 27 (2000); *Lawrence v. Sullivan*, 90 Ark. App. 206, 205 S.W.3d 168 (2005). This change makes Arkansas practice consistent with that in other jurisdictions whose courts have rejected the narrow approach taken in *Mitchell. See, e.g., Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir. 1991); *United States v. Tobin*, 483 F. Supp.2d 68 (D. Mass. 2007); *Blittersdorf v. Eikenberry*, 964 P.2d 413 (Wyo. 1998); *Sheldon v. Fettig*, 919 P.2d 1209 (Wash. 1996); *Van Buren v. Glasco*, 217 S.E.2d 579 (N.C. 1975), *overruled on other grounds by Love v. Moore*, 291 S.E.2d 141 (N.C. 1982).

Paragraph (1)(B) also provides that the person receiving the process (summons and complaint) must be a family member who is at least 18 years old. Under former paragraph (d)(1), the recipient could be anyone 14 years of age or older residing in the defendant's place of abode. *See Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012 (10th Cir. 1997) (cook); *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), *cert. denied*, 390 U.S. 956 (1968) (resident manager of apartment complex who lived in separate building); *Nat'l Dev. Co.*, *supra* (housekeeper); *Barclays Bank v. Goldman*, 517 F. Supp. 403 (S.D.N.Y. 1981) (maid). The changes are intended to make actual notice to the defendant more likely.

Paragraph (1)(D), which is new, expands current law by permitting service at a defendant's workplace, if he or she maintains an office or other fixed location for doing business. Other states have similar provisions. *E.g.*, Ore. R. Civ. P. 7(D)(2)(c); Pa. R. Civ. P. 402(a)(2)(iii). Service may be made on a receptionist or "the person then apparently in charge." The quoted phrase is based on *May v. Bob Hankins Distrib. Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990), in which the Supreme Court upheld service on a bookkeeper who was "more or less in charge" of the office when service was made. Paragraph (1)(D) does not permit serving a defendant who is employed at the office or other place of business, as that could prove embarrassing to the employee, disruptive of business operations, or in some work settings even unsafe.

Paragraph (2) clarifies service on minors and recognizes that, under Arkansas law, the age of majority is 18. Until that age is attained, all persons "shall be considered minors." Ark.

Code Ann. § 9-25-101(a). The former rule permitted service on an individual at least 14 years of age and required service on parents or guardians of younger defendants. Paragraph (2) also takes into account minors emancipated by court order. *See* Ark. Code Ann. §§ 9-26-104, 9-27-362.

In paragraph (3), the term "incapacitated person" refers to a person who is "impaired by reason of a disability such as mental illness, mental deficiency, physical illness, chronic use of drugs, or chronic intoxication, to the extent of lacking sufficient understanding or capacity to make or communicate decisions to meet the essential requirements for his or her health or safety or to manage his or her estate." Ark. Code Ann. § 28-65-101(5)(A). The appointment of a conservator requires the consent of the person who, because of advanced age or physical infirmity, can no longer manage his or her own financial affairs. *Id.* §§ 28-67-103, 28-67-105. A conservator has the same powers and duties as a guardian, except as to the custody of the person. *Id.* § 28-67-108.

Paragraph (4), which provides for service on incarcerated persons, largely tracks former subdivision (d)(4).

With respect to corporate entities, paragraph (5) expressly applies to "any corporation," including nonprofit corporations, professional corporations, and cooperatives. *See* Ark. Code Ann. §§ 4-28-201 et seq. (nonprofit corporations); §§ 4-29-201 et seq. (professional corporations); §§ 4-29-301 et seq. (medical corporations); §§ 4-29-401 et seq. (dental corporations); §§ 4-30-101 et seq. (cooperatives). In light of the word "any," this list is obviously not exclusive; for example, the provision reaches foreign corporations as well as those formed under Arkansas law.

Paragraph (5) retains the provisions of former subdivision (d)(5) authorizing service on a corporation's officer, managing or general agent, or any agent authorized by appointment or by law to receive service. It also permits, as did the opening clause of former subdivision (d), service as provided by statute. But paragraph (5) adds other options, including the corporation's registered agent and an officer's secretary or assistant. Although the holdover term "managing or general agent" is not defined, the Supreme Court has offered the following guidance:

> [T]he person . . . must have some measure of discretion in operating some phase of the defendant's business or in the management of a given office [and] such status that common sense would trust him to see that the summons gets promptly into the hands of the right corporate people.

*Lyons v. Forrest City Mach. Works, Inc.*, 301 Ark. 559, 561, 785 S.W.2d 220, 221 (1990) (plant manager, who had worked for corporate defendant for 32 years, was a managing or general agent). *See also May v. Bob Hankins Distrib. Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990) (bookkeeper who was "more or less in charge" of office at time of service held to be a

managing or general agent).

Paragraph (6) addresses service on limited liability companies. It is based on paragraph (5) but contains language specific to the structure of limited liability companies. In particular, it provides for service on (1) a manager of the LLC if management is vested in managers rather than the members, or on the manager's secretary or assistant; or (2) a member of the LLC if management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant. This language is based on that in Colo. R. Civ. P. 4(e)(4)(C) & (D). *See also* N.Y. Civ. P. L. § 311-a.

Service on any type of partnership, including a general partnership, a limited liability partnership, a limited partnership, and a limited liability limited partnership, is governed by paragraph (7). It provides for service on any general partner or his or her secretary or assistant; the partnership's registered agent for service of process, or the agent's secretary or assistant; a managing or general agent of the partnership, or the agent's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by statute.

Under the Revised Uniform Partnership Act, Ark. Code Ann. §§ 4-46-101 et seq., a general partnership can be sued in its own name, but a judgment against the partnership cannot be satisfied from a partner's individual assets unless there is also a judgment against that partner. *Id*. § 4-46-307(a) & (c). Generally, partners are jointly and severally liable for all obligations of the partnership. *Id*. § 4-46-306. They are also agents of the partnership for purposes of its business. *Id*. § 4-46-301(1).

A limited liability partnership must designate a registered agent if it has no office in this state, as must a foreign limited liability partnership. *Id*. §§ 4-46-1001(c), 4-46-1102(a). Service of process is made on the registered agent or the agent's secretary or assistant. A partnership becomes a limited liability partnership by a vote of the partners and by filing filing a "statement of qualification" with the Secretary of State. *Id*. § 4-46-1001. A foreign LLP must file a "statement of foreign qualification" before transacting business in the state. *Id*. § 4-46-1102. An obligation of a limited liability partnership is solely the obligation of the partnership. *Id*. § 4-46-306(c).

Domestic limited partnerships and foreign limited partnerships doing business in Arkansas must have a registered agent in the state. *Id*. § 4-47-114. Each general partner is an agent of the limited partnership for the purposes of its activities. *Id*. § 4-47-402. The certificate filed with the Secretary of State must state "whether the limited partnership is a limited liability limited partnership." *Id*. § 4-47-201(a)(4). Although a limited partnership is an entity distinct from its partners, *id*. § 4-47-104, each general partner is for the most part jointly and severally liable for all obligations of the limited partnership. *Id*. § 4-47-404. If the partnership elects LLLP status, however, each general partner enjoys a complete shield from liability. *Id*. § 4-47-404(c). A judgment against a limited partnership alone is not a judgment against a general partner and cannot be satisfied from a general partner's assets. To reach those assets, the plaintiff must join a general partner as a party in the action against the limited

partnership or proceed against that partner in a separate action. *Id.* § 4-47-405.

Paragraph (8) covers service on unincorporated associations, other than partnerships, subject to suit in their own names. This category at present appears limited to unincorporated nonprofit associations governed by the Revised Uniform Unincorporated Nonprofit Association Act, Ark. Code Ann. §§ 4-28-601 et seq. Under the Act, an unincorporated association of this type "may sue or be sued in its own name." *Id.* § 4-28-609(a). The term "registered agent" in paragraph (8) is intended to include an agent that an unincorporated nonprofit association authorizes to receive service of process by filing a statement with the Secretary of State. *See id.* § 4-28-611. Paragraph (8) also provides for service on "any manager of the association," as does § 4-28-612.

Apart from the Revised Uniform Unincorporated Nonprofit Association Act, Arkansas follows the common-law rule that an unincorporated association cannot be sued in its own name. *See, e.g.*, *Massey v. Rogers*, 232 Ark. 110, 334 S.W.2d 664 (1960). However, members of the association can be sued as a class by naming representative parties as defendants. This practice is reflected in Rule 23.2. *See Ark. Cnty. Farm Bureau v. McKinney*, 334 Ark. 582, 976 S.W.2d 945 (1998). Service of process is on the named representatives of the class.

Paragraph (9) addresses service in defendant class actions, whether against unincorporated associations under Rule 23.2 or in other cases under Rule 23. Service on a defendant class shall be on each of the parties named as class representatives in the same manner as if each representative were sued in a separate action. The intent is to incorporate the various methods of service depending on the type of class representative—natural person, corporation, etc.—as provided for in subdivision (f) of this rule. The plaintiff selects the representative defendants and has the burden to convince the court that they will adequately protect the interests of the defendant class. 7A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1770 (3d ed.).

Paragraph (10), providing for service on trusts, had no counterpart in the previous version of the rule. It is based on Colo. R. Civ. P. 7(e)(4)(E).

Paragraph (11), which addresses service on the United States, is essentially the same as former subdivision (d)(6). Similarly, paragraph (12), which applies to service on states and state agencies, is based on former subdivision (d)(7) but is limited to the state government. Paragraphs (13) through (15) are specific provisions for government entities that are not individually addressed in the present rule: cities, counties, and school districts. All other political subdivisions are to be served in accordance with paragraph (16). Finally, paragraph (17) provides for service on public officers and employees, a matter not covered by the current rule. These paragraphs are based in part on Colo. R. Civ. P. 7(e)(6)–(8) & (10)–(11).

**Subdivision (g).** This subdivision lists four alternative methods of services that may be used on defendants except the United States and its agencies, officers, and employees: mail, commercial delivery company, warning order, and as the court directs. Only the fourth

method is new, but some clarifying changes have been made in the provisions governing the other methods.

Paragraphs (1) and (2) essentially maintain the status quo with respect to service by mail and commercial delivery company. In an important change, however, paragraph (1)(A)(i) now requires service by certified mail, rather than "any form of mail addressed to the person to be served with a return receipt requested and delivery restricted." Certified mail meets these requirements and is most often used, while other forms of mail that qualify are not well-suited for service of process. Also, paragraph (1)(A)(ii) has been amended to provide expressly that although the refusal of mail will support a default judgment, failure to claim mail does not constitute a refusal. The Supreme Court so held in *Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990).

With respect to commercial delivery companies, a new sentence in paragraph (2)(A) requires the circuit clerk to maintain and post a list of court-approved commercial delivery companies. This requirement mirrors that under Administrative Order 20 No. (c)(2) for approved private-process servers.

Paragraph (3), which deals with warning orders, departs significantly from former subdivision (f). First, paragraph (3) limits warning orders issued by the clerk to cases in which the plaintiff "seeks a judgment that affects or may affect the rights of persons who need not be subject personally to the jurisdiction of the court"—that is, when jurisdiction is *in rem*. However, if *in personam* jurisdiction over the defendant is necessary, the plaintiff cannot obtain a warning order from the clerk but must seek a court order under paragraph (4).

Second, paragraph (3) requires the plaintiff to submit to the clerk "an affidavit showing that, after diligent inquiry, the identity or whereabouts of the defendant remains unknown." Under the previous versions of the rule, this requirement applied only when *in personam* jurisdiction over the defendant was necessary. *See* Newbern, Watkins & Marshall, *Arkansas Civil Practice & Procedure* § 12:14, n.14. As a matter of due process, however, service by publication of a warning order is a matter of last resort to be employed only if a defendant's whereabouts cannot be ascertained through the exercise of reasonable diligence. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

Third, paragraph (3)(B) establishes the minimum requirements for newspapers in which warning orders may be published and specifies the manner in which proof of publication of the warning order is to be made. The rule was previously silent on these matters. The requirements are drawn from two statutes, *see* Ark. Code Ann. §§ 16-3-104 & 16-3-105, which appear in a section of the code inapplicable to warning orders. *Id.* § 16-3-101(e).

Finally, paragraph (3) increases the time period in which the warning order must be published (from two consecutive weeks to four) or posted at the courthouse (from 30 days to 60) in the interest of increasing the likelihood of notice to the defendant. A judgment by default cannot be taken until after 60 days of the date that the warning order was first published or posted, as opposed to 30 days under the prior rule. A corresponding change has

been made in Rule 12(a)(1).

Under paragraph (4), which is new to Arkansas practice, the court may order any method of service "reasonably calculated to apprise the defendant of the action." To obtain an order, the plaintiff must show by affidavit that, "despite diligent effort," service cannot be obtained using one of the other methods of service. The "diligent effort" standard is analogous to the "diligent inquiry" requirement for warning-order cases requiring *in personam* jurisdiction, and it should be interpreted in the same manner. *See, e.g.*, *Horne v. Savers Federal Sav. & Loan Ass'n*, 295 Ark. 182, 747 S.W.2d 580 (1988); *Scott v. Wolfe*, 2011 Ark. App. 438, 384 S.W.3d 609.

As noted above, paragraph (4) requires a warning order issued by the court when *in personam* jurisdiction over the defendant is necessary. This change from prior practice, under which all warning orders were issued by the clerk, is a safeguard prompted by due process considerations. As one court has observed: "Notice by publication, constitutionally suspect in 1950, is even more vulnerable today, given the precipitous decline in newspaper readership." *In re E.R.*, 385 S.W.3d 552, 560–61 (Tex. 2012).

**Subdivisions (h)–(j).** With minor exceptions, subdivision (h) tracks former subdivision (e). Its subheading has been revised to better reflect the content of the rule ("Service Outside the State"), and paragraph (3) has been updated to include service by commercial delivery company. In addition, paragraph (5) has been rewritten to make plain that service "as directed by the court" is permissible only upon a showing that the other methods listed in subdivision (f) have, despite diligent effort, proved unsuccessful. Stylistic changes have been made in subdivisions (i) and (j), and the cross-references in the former have been changed.

Subdivision (i) provides that a motion to extend the time for service is proper if filed within 120 days of the filing of the complaint or within the time period provided by a previous extension of time. The rule was amended in 2014 to expressly address subsequent extensions and to overrule *Powell v. Fernandez*, 2013 Ark. App. 595. Historically, motions to extend the time for service were considered proper if filed within the time period provided by a previous extension. *See Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994); *see also Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004); *Wilkins v. Food Plus, Inc.*, 99 Ark. App. 64, 257 S.W.3d 107 (2007). The Court of Appeals, however, held in *Powell* that a subsequent extension had to be sought within 120 days of the filing of the complaint.

**Subdivision (k)**. This new provision reestablishes a substantial-compliance standard for process and service of process under Rule 4 when the defendant has actual notice of the complaint and has filed a timely answer or pre-answer motion under Rule 12(b) in response to it. Other states have adopted similar rules. *E.g.*, Ore. R. Civ. P. 7(G).

Subdivision (k) is in accord with older Arkansas authority holding the plaintiff to a substantial-compliance standard, both as to the summons and service of process, in nondefault

cases. *E.g.*, *Ford Life Ins. Co. v. Parker*, 277 Ark. 516, 644 S.W.2d 239 (1982). More recent cases, however, have held that a defendant's actual notice of a lawsuit does not validate defective process or defective service. *E.g.*, *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, 203 S.W.3d 428; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996).

The strict-compliance standard reflected in these decisions grows out of default situations. *E.g.*, *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989); *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978). Despite the amendment of Ark. R. Civ. P. 55 to echo its federal counterpart, getting a default judgment set aside in Arkansas remains notoriously difficult. *E.g.*, *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006). Insistence on strict compliance is a helpful shield in the default situation. But the same standard should not be a sword when the defect in process or service of process was minor and the defendant had actual notice of the complaint and filed a timely response.

It is often stated that service requirements, being in derogation of common-law rights, must be strictly construed and complied with exactly. *E.g.*, *Trusclair*, 2009 Ark. 203, at 3, 203 S.W.3d at 430. This rule arose in the context of service on out-of-state defendants where "personal jurisdiction over a defendant may be founded on something less than actual notice." *Halliman v. Stiles*, 250 Ark. 249, 254, 464 S.W.2d 573, 577 (1971); *see generally Kerr v. Greenstein*, 213 Ark. 447, 212 S.W.2d 1 (1948) (construing nonresident motorist statute). When a defendant has actual notice of the complaint and does not default, however, due-process concerns are not present and the strict-compliance rule should not apply.

Application of the rule in nondefault situations is also at odds with the guiding principal of Rule 4—ensuring due process by giving the defendant adequate notice of the suit and an opportunity to respond before a judgment is entered. Subdivision (k) retains the strict-compliance rule in default situations, while reviving the substantial-compliance standard when the defendant has actual notice of a complaint and files a timely response. In the latter instance, due process is satisfied even if marginal defects in the summons or the service exist.

**Subdivision (l).** This new provision addresses a problem that has arisen primarily in divorce cases. It requires that a party who wishes to affirmatively waive sufficiency of process and sufficiency of service of process do so in writing, file the document with the clerk, and serve it on all parties. Otherwise, the waiver is not effective. This waiver goes only to these matters and does not, of itself, waive any other defense, such as lack of personal jurisdiction or improper venue.

## 2. Ark. R. Civ. P. 12(a)(1).

**Rule 12. Defenses and Objections; When and How Presented; By Pleading or Motion; Motion for Judgment on the Pleadings**.

(a) *When Presented*. (1) A defendant shall file his or her answer within 30 days after the service of summons and complaint upon him or her. A defendant served <u>by warning order</u> under Rule ~~4(f)~~ <u>4(g)(3) or (4)</u> shall file an answer within ~~30~~ <u>60</u> days from the date of first

publication or posting of the warning order. A defendant incarcerated in any jail, penitentiary, or other correctional facility in this state, however, shall file an answer within 60 days after service. A party served with a pleading stating a cross–claim or counterclaim against him or her shall file an answer or reply thereto within 30 days after service upon the party. The court may, upon motion of a party, extend the time for filing any responsive pleading.

. . .

**Reporter's Notes (20__ Amendment).** Subdivision (a)(1) has been amended to reflect revised Rule 4(g), which among other things increases from 30 to 60 days the period before judgment by default may be taken when service is by warning order. Accordingly, subdivision (a)(1) now provides that if a defendant has been served by warning order pursuant to Ark. R. Civ. P. 4(g)(3) or (4), the answer must be filed within 60 days of the date the warning order was first published or posted.

## 3. Administrative Order No. 18. Administration of District Courts.

. . .

6. *Jurisdiction of State District Court Judgeships.* In addition to the powers and duties of a district court under this administrative order, a state district court shall exercise additional power and authority as set out in this section.

. . .

(d) *Consent Process.*

(1) *Notice.* The circuit clerk shall give the plaintiff notice of the consent jurisdiction of a state district court judge when a suit is filed in the civil, domestic relations, or probate division of circuit court. The circuit clerk shall also include attach the same notice with to the summons for service on the defendant. Any party may obtain a "Consent to Proceed before a State District Court Judge" form from the Circuit Clerk's Office.

**Reporter's Notes (20__ Amendment):** Administrative Order No. 18(6)(d)(1) directs that the circuit clerk shall give to "give the plaintiff notice of the consent jurisdiction of a state district court judge when a suit is filed in the civil, domestic relations, or probate division of circuit court." Rather than "attach" that notice to the summons, as under the current version of this provision, the clerk must now "include" it with the summons for service on the defendant. This language accommodates electronic as well as paper filing.

## 4.                                        Form of Summons

The Supreme Court of Arkansas has adopted the following form of summons for use in all cases in which personal service is pursuant to Rule 4(c), (f), and (h) of the Arkansas

Rules of Civil Procedure. The form incorporates a proof of service to be made by a sheriff, deputy sheriff, or other person, as appropriate, in accordance with Rule 4(g).

The form may be modified as needed in special circumstances, and additional ~~Additional~~ notices, if required, should be inserted as ~~in the~~ appropriate ~~space~~. Examples include the notices required by statute in unlawful-detainer and replevin actions, *see* Ark. Code Ann. §§ 18-60-307(a) and 18-60-808(a), and the notice of the consent jurisdiction of a state district court that must be included pursuant to Ark. Sup. Ct. Admin. Order No. 18(6)(d)(1).

This form is not for use in cases of constructive service pursuant to Rule 4(g)(3). The adoption of this form is in compliance with Rule 4(b) and does not modify or amend any part of that rule.

Effective July 1, 2012
Corrected ~~as of~~ August 14, 2012
Revised _____, 20__

**Reporter's Notes (20__ Amendment)**. In the introduction to the summons form, the second paragraph now provides that the form "may be modified as needed in special circumstances." It also states that "[a]dditional notices, if required, should be inserted as appropriate." The revised form combines these sentences and adds a sentence listing examples of the notices that may be "inserted as appropriate," including the notice of consent jurisdiction that is required by Administrative Order No. 18(6)(d)(1).

SLIP OPINION

THE CIRCUIT COURT OF _____ COUNTY, ARKANSAS

_____ DIVISION [Civil, Probate, etc.]

_____
Plaintiff

v.                                           No. _____

_____
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

_____     [Defendant's name and address.]

_____

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:_____

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included: _____**

CLERK OF COURT

Address of Clerk's Office

_____

_____          _____
                                              [Signature of Clerk or Deputy Clerk]

22

Date:_____

[SEAL]

**No. _____ This summons is for _____ (*name of Defendant*).**

## PROOF OF SERVICE

☐    On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐    After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐    On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐    On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐    On_____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with [**circle one**] [a receptionist] or [the employee who was then apparently in charge]; or

☐    I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐    I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies

of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐    Other [specify]:

☐    I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

        [signature of server]

_____

        [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____

        [signature of server]

_____

        [printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

        Notary Public _____

My Commission Expires: _____



Additional information regarding service or attempted service:

_____

_____

## B. Addresses and Contact Information on Pleadings

### 1. Ark. R. Civ. P. 10. Form of pleadings.

(a) *Caption; Names of Parties; Addresses*. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number and a designation as in Rule 7(a). In the complaint, the title of the action shall include the names of all the parties, but in other pleadings, it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. All pleadings shall contain the name, bar number, mailing address, telephone number, fax number and email address of the attorney signing the pleading, or of the party if not represented by an attorney.

(b) *Paragraphs; Separate Statements*. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense.

(c) *Adoption by Reference; Exhibits*. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

(d) *Required Exhibits*. A copy of any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading in which such claim or defense is averred unless good cause is shown for its absence in such pleading.

**Reporter's Notes (20__ Amendment)**. Rule 10 (a) was amended by adding a new final sentence that specifies the addresses and contact information that are required on pleadings. The same information is also required on motions and other papers. *See* Ark. R. Civ. P. 7 (b)(3).

### 2. Ark. R. Civ. P. 11. Signing of pleadings, motions, and other papers; sanctions.

(a) Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his or her individual name, ~~whose address shall be stated~~. A party who is not represented by an attorney shall sign his or her pleading, motion, or other paper ~~and state his address and telephone number, if any~~. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him or her that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that it is not interposed for any improper purpose,

such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and that it complies with the requirements of Rule of Civil Procedure 5(c)(2) regarding redaction of confidential information from case records submitted to the court. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

. . . .

**Reporter's Notes (20__ Amendment)**. Rule 11(a) was amended to delete references to addresses and telephone numbers. Addresses and other contact information that are  required to be stated in pleadings, motions and other papers are more appropriately addressed in Rule 10. *See* Ark. R. Civ. P. 10 (a).


### C. Space for File Marks

### Administrative Order No. 2.

 . . .

   (g) *File Mark*. (1)There shall be a two inch (2″) top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the  file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).
   (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at courts.arkansas.gov.

**Reporter's Notes (20__ Amendments).** Subdivision (g) was added to ensure that file marks are legible and is especially needed at this time to accommodate electronic-filing software.

**UNIFORM COVER PAGE**

[To be used when required by Administrative Order No. 2 (g)★]

COURT: _____ COURT OF _____ COUNTY

Docket/Case Number: _____

CASE NAME:
PLAINTIFF/
PETITIONER: _____

DEFENDANT/
RESPONDENT: _____

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)): _____

★Administrative Order No 2.

(g) *File Mark.* (1)There shall be a two inch (2″) top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at courts.arkansas.gov.